## 50312. COOK v. HOWARD et al.

EVANS, Judge.

Albert N. Cook, who lived on the property of Lucy Vanderford, and apparently in conjunction with Lucy Vanderford, filed an application for variance with the Zoning Board of Appeals of Gwinnett County, Georgia. The variance was sought to allow the maintenance of a mobile home on property in a zoning district requiring "(R-100) One-Family Residence District." The reason for the requested variance was not because of circumstances relating to the site, shape or topography of the land, but because of the special needs of the property owner, to wit:

someone to provide personal care for the owner and his wife. After proper notice and a hearing, the request for variance was dismissed for lack of jurisdiction.

Applicant appealed to the superior court within 10 days. Attached to the petition was a certified copy of the record before the Zoning Board of Appeals.

Motion for summary judgment was filed by the zoning board, which contended the appeal was not filed in the manner as provided by law, and that the superior court is without jurisdiction of the subject matter.

After hearing, the court granted the motion and dismissed the appeal because it was not filed in compliance with Code Ann. § 69-1211.1. *Held:*

1. The ruling of the lower court is based on a contention that Code Ann. § 69-1211.1 requires that the appeal must be filed with the Zoning Board of Appeals by filing same with the board in accordance with an appeal from the court of ordinary as provided in Code Ch. 6-2. The present zoning resolution of Gwinnett County was adopted under the authority of Georgia Laws 1957, Act No. 358, as amended (Ga. L. 1964, pp. 259, 260; Code Ann. § 69-1211.1, creating the Board of Zoning Appeals) and not that of Georgia Laws 1955, pp. 2925, 2938, wherein appeals from a board of adjustment were authorized by Sec. 25, p. 2934, under which the plaintiff brought his appeal directly to the superior court. Zoning and planning statutes are in derogation of the common law and must be strictly construed. See *Foster v. Vickery,* 202 Ga. 55, 60 (42 SE2d 117); *Duncan v. Entrekin,* 211 Ga. 311, 312 (85 SE2d 771); *Harrell v. Gardner,* 115 Ga. App. 171, 174 (154 SE2d 265). The court did not err in dismissing the appeal because it was not filed in compliance with the zoning law and resolution of Gwinnett County.

2. Counsel seeks to save his case by contending it is a petition for mandamus to compel the performance of official duties, citing *Daniel v. Yow,* 226 Ga. 544 (176 SE2d 67), and Code § 24-2616. There is no prayer for a writ of mandamus, and clearly this is but an appeal.

3. But conceding arguendo that the so-called appeal contained the entire substance of a proper appeal, to wit: the entire record before the board of zoning appeals; the petition for same, filed in the superior court by the

applicant and not forwarded to it by the proper municipal authority, it could not succeed for it was an attempt to rezone property for a mobile home on property zoned for a one-family residence. This was without and beyond the authority of the board, which board had no right to grant such a variance. See *McCord v. Ed Bond & Condon Co.,* 175 Ga. 667 (1), 669, 671 (165 SE 590); *City of Atlanta v. Awtry & Lowndes Co.,* 205 Ga. 296 (1) (2) (53 SE2d 358).

4. The board of appeals is authorized to grant "such variance from the terms of the ordinance or resolution as will not be contrary to the public interest"; and such variance can only be granted in case of "unnecessary hardship," upon a finding by the board of appeals that there are "extraordinary and exceptional conditions pertaining to the particular piece of property in question because of its size, shape or topography," and that any such relief granted "would not cause substantial detriment to the public good or impair the purpose and intent of the ordinance." Code Ann. § 69-1211 (Ga. L. 1957, pp. 420, 428). The board was not authorized to grant a variance because of personal hardship of the aged owners and because they needed someone to live near them in a mobile home to care for them. See in this connection *Ivy, Inc. v. Allen,* 105 Ga. App. 728, 731, 732 (125 SE2d 549). The court did not err in dismissing the appeal.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

ARGUED FEBRUARY 25, 1975 — DECIDED APRIL 7, 1975 — REHEARING DENIED MAY 8, 1975 —

*Richard K. Greenstein, David A. Webster, William J. Brennan, Jr.,* for appellant.

*Stark, Stark & Henderson, Homer M. Stark,* for appellee.