*General,* for appellee.

30926. PAER v. GUHL et al.

NICHOLS, Chief Justice.

The appellant filed a complaint for declaratory judgment and injunction against DeKalb County, naming the commissioners and the zoning authorities as defendants. The appellant purchased a residence in late 1971 which had a garage apartment located on the property. The area was zoned for single-family residences only. In 1973 appellant did some remodeling and made repairs without obtaining a permit and rented the apartment to two students. In 1974 upon complaint of neighbors, appellant was cited for a zoning violation from which he entered an administrative appeal. The zoning board found that there was no valid nonconforming use because of abandonment for more than six months as provided in the zoning ordinance. The appellant then filed a request for a use variance with the Board of Commissioners which was denied; he then filed the present action contending he had a valid nonconforming use because of the existence of the structure before the zoning ordinance was enacted and that at all times it was outfitted for use as an apartment. That there has been no abandonment of such use and to deny him the rental right would amount to a taking without compensation. The trial court after hearing dissolved the temporary restraining order and appellant excepts.

Article IX of the zoning ordinance provides that a nonconforming use may be continued, but no non-conforming use which has been discontinued for a continuous period of six months shall be re-established. The great weight of authority in this country (101 CJS 936, § 180 et seq.), seems to be that the non-use must be equated with abandonment and that abandonment is a question of intent. The appellant alleges that there has been no abandonment; thus, a fact question is presented to be decided on the trial of the case.

The appellant argues that he would be irreparably

injured if the restraining order is not left in force until the trial of the main issue in the case. The appellant shows that he is liable for criminal prosecution, that his utilities could be terminated and that there would be a loss of rents if the status quo is not maintained. The appellees have not shown that any injury would result from the continuation of the present use until final adjudication of the issues.

In *Stephens v. State Hwy. Dept.*, 223 Ga. 713 (1) (157 SE2d 751) (1967), this court held: "Upon a hearing for an interlocutory injunction, if the evidence 'for the complainant is strong, and that for the defendant weak, or even if it be in practical equipoise, the injunction should be granted or refused according to the peculiar circumstances of the particular case. There should be a balance of conveniences, and a consideration whether greater harm might result from refusing than from granting the relief prayed for.' "

The appellant has shown the likelihood of damage resulting from the refusal to grant the temporary injunction and the defendants have shown none; therefore, the trial court abused its discretion in failing to grant the temporary injunction to maintain the status quo.

*Judgment reversed. All the Justices concur, except Gunter and Ingram, JJ., who dissent. Hall, J., not participating.*

ARGUED MARCH 15, 1976 — DECIDED APRIL 20, 1976 — REHEARING DENIED MAY 4, 1976.

*Gershon, Ruden, Pindar & Olim, Jay E. Loeb,* for appellant.

*Harvey, Willard & Elliott, Wendell K. Willard,* for appellees.