### 30913. HALL PAVING COMPANY v. HALL COUNTY et al.

PER CURIAM.

Hall Paving Company applied to the Hall County Board of Commissioners for rezoning of certain property from residential to industrial to permit operation of a quarry. After a hearing the planning commission approved the application and the board of commissioners amended the zoning ordinance to effect the change.

Appellees, members of the Friendship Community Committee, filed suit against the county and the members of its board of commissioners seeking to enjoin the

rezoning decision as being ultra vires. Appellees also complained that the planning commission failed to make findings required of it by resolution of the Hall County Commissioners, that the rezoning hearing was deficient in that so many protestants appeared that not all could be heard, and that the proviso in the rezoning resolution requiring the applicant to widen the access road constituted illegal contract zoning.

The successful rezoning applicant intervened as a party defendant and thereafter made a motion for judgment on the pleadings. The plaintiffs filed affidavits and moved for summary judgment, and the rezoning applicant filed affidavits in response. The trial court, after considering the motion for summary judgment, ordered that the matter be remanded to the Board of Commissioners for reconsideration in light of *Barrett v. Hamby,* 235 Ga. 262 (219 SE2d 399) (1976). Later the court rescinded that order and entered an order denying the rezoning applicant's motion for judgment on the pleadings, denying plaintiffs' motion for summary judgment, but declaring the action of the board of commissioners to be null and void based on the court's finding that neither the planning commission nor the board of commissioners entered findings and conclusions to justify the decision to rezone.

The rezoning applicant-appellant enumerates as error the trial court's conclusions of law that entry of findings and conclusions justifying rezoning is mandatory and that a rezoning decision without entry of findings and conclusions is void.

In *Barrett v. Hamby,* supra, we held that rezoning decisions of governing authorities were subject to the constitutional prohibition against taking private property without just compensation.

The power to zone and rezone property is vested in the county and city governing authorities. Code Ann. §§ 2-1923, 2-8404. The courts have no power to zone or rezone property. *Hunt v. McCollum,* 214 Ga. 809 (108 SE2d 275) (1959). In a suit involving a zoning decision of a governing authority, the superior court determines whether the governing authority's action was constitutional.

With these principles in mind, we return to the

16

question at hand: Where the governing authority rezones property, must the governing authority enter findings and conclusions justifying the rezoning decision? We answer the question posed, in the negative. In rezoning property, the governing authority acts in a legislative capacity. *Olley Valley Estates v. Fussell,* 232 Ga. 779 (208 SE2d 801) (1974). Like other legislative action, rezoning legislation, *when duly adopted,* is presumed to be valid. That presumption continues until the contestant shows otherwise. Neither *Barrett v. Hamby,* supra, nor *Cook v. Howard,* 134 Ga. App. 721 (4) (215 SE2d 690) (1975) (involving a variance), nor Code Ann. § 69-1211 (involving boards of appeals), requires a result different from that reached here.

It therefore is not mandatory that the governing authority enter findings and conclusions justifying the decision to rezone.

*Judgment reversed. All the Justices concur, except Ingram, J., who concurs in the judgment only, and Hill, J., who concurs specially.*

ARGUED MARCH 8, 1976 — DECIDED JUNE 8, 1976.

*Telford, Stewart & Stephens, J. Douglas Stewart,* for appellant.

*Reed & Dunn, Douglas Parks, Tifton S. Greer,* for appellees.

HILL, Justice, concurring specially.

In *Barrett v. Hamby,* 235 Ga. 262 (219 SE2d 399) (1976), we held that the judiciary had the power to declare void on constitutional grounds, a decision of a governing authority refusing a rezoning application where the unsuccessful rezoning applicant proved in court that the existing zoning significantly damaged his property, and the governing authority failed to justify his decision refusing to rezone the property.

Although we did not expressly deal in *Hamby* with such questions as who has the initial burden of presenting evidence, who has the burden of persuasion, and whether evidence not introduced at the hearing before the

governing authority is admissible in court, the answer to at least the first of these questions was implicit in *Hamby* and is explicit in this case.

However, I feel that *Hamby* is being interpreted too broadly. As heretofore noted, *Hamby* involved the denial of an application to rezone. It was a suit by the owner of the property in question contending that he was being deprived of his property.

The present case involves a decision to rezone. It is a suit by owners of property in the vicinity of the rezoned property who oppose the rezoning. In my view, the property rights of opponents of rezoning are different from the property rights of the rezoning applicant.

Thus, in my view, *Barrett v. Hamby,* does not require the governing authority to take the initiative in justifying its decision to grant an application to rezone. (Whether such justification will even be required will have to wait until that issue is raised.)

Because *Barrett v. Hamby* did not involve a decision granting rezoning, and clearly does not require the governing authority to take the initiative in justifying its decision to rezone, it follows that *Barrett v. Hamby* does not require the governing authority to enter findings and conclusions, to justify its decision to rezone. I therefore concur in the judgment of the court.