## 32125. CONTRIS v. RICHMOND COUNTY et al.

PER CURIAM.

In this case the appellant filed an application with the Richmond County Board of Zoning Appeals to obtain a variance on his property "so that [the] property might be reactivated as a meat packing and animal slaughtering operation, as it did operate for a period of more than 30 years . . ." The application also stated that the property was zoned heavy industry which prohibited the slaughtering of animals within 300 feet of a residential zone in the county.

After a hearing on the application the County Board of Zoning Appeals denied appellant's application for a variance. The board determined the building in which appellant proposed to slaughter animals was within 300 feet of a residential zone and would thus result in a violation of the zoning ordinance of the county as the prior use of the building for this purpose had been abandoned. Appellant was advised of his right to appeal from this adverse decision but did not do so.

Instead, appellant filed an independent suit in equity against Richmond County seeking a declaratory judgment and permanent injunctive relief.[1] Residents of

---

[1] The board rendered its decision in June, 1975.

the neighborhood in which appellant's property is located intervened in the litigation by leave of court. The appellant attacked the constitutionality of the county's comprehensive zoning ordinance as applied to his property and raised other issues for trial. The trial court upheld the constitutionality of the ordinance and submitted the other issues involving factual disputes to a jury for determination. The jury's verdict was adverse to appellant and he appeals from the trial court's judgment thereon and enumerates various rulings of the trial court as error in this appeal. *Held:*

1. Section 32-9 of the Comprehensive Zoning Ordinance of Augusta and Richmond County, adopted March, 1963, revised and reprinted September, 1969, and which is a part of the record in this case, provides an adequate remedy for an aggrieved person to appeal adverse decisions of the Board of Zoning Appeals.[2] Appellant does not attack the constitutional validity of the zoning ordinance as written or the underlying statute (Ga. L. 1957, pp. 420-443, as amended), upon which the ordinance is based. Therefore, appellant should have pursued his right of appeal under the ordinance from the adverse decision of the Board of Zoning Appeals. *Coffey v. City of Marietta,* 212 Ga. 189 (2) (91 SE2d 482) (1956). Cf. *Paer v. Guhl,* 236 Ga. 768 (225 SE2d 261) (1976).

2. In addition, we conclude that the comprehensive zoning ordinance of Augusta and Richmond County under review is not unconstitutional as applied to appellant's

Appellant brought this suit in October. The Comprehensive Zoning Ordinance permits an appeal within 30 days of the rendition of an adverse decision.

[2] We do not address the question of whether *Hunt v. McCollum,* 214 Ga. 809 (108 SE2d 275) (1959), has been effectively overruled or limited by *Barrett v. Hamby,* 235 Ga. 262 (219 SE2d 399) (1975), and, if not, whether the *Hunt* doctrine is applicable to this case. Cf. *Hall Paving Co. v. Hall County,* 237 Ga. 14, 15 (226 SE2d 728) (1976), and *Addis v. Smith,* 225 Ga. 157, 158 (166 SE2d 361) (1969).

property in this case by the appellee county. See *Schofield v. Bishop,* 192 Ga. 732 (2, 3) (16 SE2d 714) (1941); *Matthews v. Fayette County,* 233 Ga. 220 (210 SE2d 758) (1974); *Barrett v. Hamby,* 235 Ga. 262 (219 SE2d 399) (1975); and *Guhl v. Par-3 Golf Club, Inc.,* 238 Ga. 43 (231 SE2d 55) (1976). Cf. *Tuggle v. Manning,* 224 Ga. 29 (159 SE2d 703) (1968).

3. It is unnecessary to decide the remaining enumerations of error dealing with the trial judge's instructions and the verdict of the jury, in view of the above disposition of the case.

*Judgment affirmed. Nichols, C. J., Undercofler, P. J., Ingram and Hill, JJ., concur. Jordan and Hall, JJ., concur in the judgment only.*

ARGUED MARCH 22, 1977 — DECIDED APRIL 20, 1977 — REHEARING DENIED MAY 11, 1977.

*C. Thomas Huggins, N. William Pettys, Jr.,* for appellant.

*Robert C. Daniel, Jr., McGahee, Plunkett, Benning & Fletcher, Paul K. Plunkett, C. Thompson Harley,* for appellees.

