### 36192. CITY OF ROME v. PILGRIM et al.
### 36193. MALLETT et al. v. PILGRIM et al.

MARSHALL, Justice.

Following the denial of his rezoning requests before the Rome Planning Commission and the Rome City Commission, the appellee,

---

A. C. Pilgrim, brought this suit in the Superior Court of Floyd County to have a single-family residential zoning ordinance (R-1A) declared unconstitutional as applied to his property.

The subject property consists of two lots purchased by the appellee at an auction in 1974. The two lots, which have always been vacant, are in a residential subdivision known as College Heights. The northern boundaries of the two lots border Shorter Avenue, which is the major thoroughfare of the City of Rome. Rosewood Avenue runs between the two lots. The property immediately to the north and west of the two lots is zoned commercial (C-1). The appellee's evidence also showed that no permits for residential construction have been issued for property abutting Shorter Avenue for the past five years, and the two lots are worth from $1,500 to $2,000 each if zoned residential and from $25,000 to $30,000 each if zoned commercial.

The appellee claims that the residential zoning on these two lots is invalid for essentially two reasons. First, he argues that because of the location of the lots, they are completely useless for residential purposes. Therefore the appellee argues that the single-family residential zoning classification is unconstitutional under *Barrett v. Hamby,* 235 Ga. 262 (219 SE2d 399) (1975) and progeny. See *Guhl v. Holcomb Bridge Road Corp.,* 238 Ga. 322 (232 SE2d 830) (1977). Second, the appellee argues that because of the irregular size and shape of these lots, compliance with the set-back and minimum-yard requirements of the city code renders unfeasible the construction of residential dwellings thereon.

The superior court ruled that due to the heavy traffic on Shorter Avenue and the commercial zoning of surrounding property, the lots are most undesirable for residential occupation. The superior court further ruled that the rezoning of the lots for a use other than a residence would have very little, if any, effect on the public health, safety or welfare; and that the present zoning results in relatively little gain or benefit to the public while inflicting momentous loss and injury to the appellee. Accordingly, the superior court ruled that the present zoning of the property amounts to an unconstitutional taking of private property without compensation.

Case No. 36192 is an appeal by the City of Rome. Case No. 36193 is an appeal by J. W. and Mae Mallett, who are neighboring property owners and who were allowed to intervene in this case as party defendants.

The appellants' enumerations of error resolved themselves into essentially three arguments. First, the appellants argue that the appellee was not authorized to bring this suit, because he failed to exhaust his administrative remedies by applying to the board of

zoning appeals for a special exception or variance. Second, they argue that the appellee should have been denied equitable relief, because he failed to exercise reasonable diligence to determine that the property was zoned residential before purchasing the property. And, third, they argue that the appellee failed to carry his burden of proving the unconstitutionality of the zoning ordinance.

1. In order to resolve the question of whether or not this suit is subject to dismissal for failure of the appellee to exhaust his administrative remedies, it is necessary to analyze the nature of the appellee's claims. As previously stated, the appellee presents essentially two claims. First, he claims that the residential zoning of his property unconstitutionally deprives him of the use of the property due to its location. Second, the appellee claims that, because of the peculiar size and shape of the property, construction of residential dwellings on the property is unfeasible due to the set-back and minimum-yard requirements of the city code.

As to the second claim, the appellee does have an adequate remedy through issuance of a special exception or variance by the board of zoning appeals. See Code of the City of Rome, § 32-19 (4); see generally, Code Ann. § 69-1211 (Ga. L. 1957, pp. 420-428). And, it is true that the failure to exhaust administrative remedies does preclude a property owner from seeking judicial relief in a zoning case in which the administrative remedy is adequate. See *Contris v. Richmond County,* 238 Ga. 731 (235 SE2d 19) (1) (1977). See generally, 82 AmJur2d 901, Zoning and Planning, §§ 331-333.

However, as to the appellees' first claim — that residential zoning of the property is unconstitutional because of its location — there is no adequate administrative remedy. For, administrative zoning agencies and officials do not have jurisdiction or authority to determine the constitutionality of a zoning ordinance. *Taylor v. Shetzen,* 212 Ga. 101 (90 SE2d 572) (2) (1955); *Toomey v. Norwood Realty Co.,* 211 Ga. 814 (89 SE2d 265) (1955); *Gay v. City of Lyons,* 209 Ga. 599 (74 SE2d 839) (1953). See also Euclid v. Amber Realty Co., 272 U. S. 365 (47 SC 114, 71 LE 303) (1926). In addition, the board of zoning appeals is not authorized to grant a variance for a use of land that is prohibited by the zoning ordinance. "[N]o variance may be granted for a use of land or building or structure that is prohibited by the ordinance or resolution." Code Ann. § 69-1211 (3) (d). See *Cook v. Howard,* 134 Ga. App. 721 (3) (215 SE2d 690) (1975); cf., *McKnight v. Mitchell,* 144 Ga. App. 109 (240 SE2d 313) (1977).

Therefore, we conclude that this suit is not subject to dismissal for failure of the appellee to exhaust his administrative remedies.

2. Nor is this suit subject to dismissal for failure of the appellee to determine that the property was zoned residential before he

purchased the property.

Although the question apparently has not been decided in this state, we adopt the majority rule that the mere fact that a zoning regulation is in effect at the time property is purchased does not preclude the purchaser from attacking its constitutionality. See Kropf v. Sterling Hgts., 391 Mich. 139 (1) (215 NW2d 179) (1974); Lakeland Bluff, Inc. v. County of Will, 114 Ill. App. 2d 267 (4) (252 NE2d 765) (1969); Miami v. Rosen, 151 Fla. 677 (9) (10 S2d 307) (1942). See generally, 17 ALR3d 743, Anno., Purchaser of Real Property as Precluded from Attacking Validity of Zoning Regulations Existing at the Time of the Purchase and Affecting the Purchased Property.

3. Finally, we hold that the evidence in this case authorized the superior court in ruling that the single-family residential zoning on this property is unconstitutional.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 13, 1980 — DECIDED
SEPTEMBER 9, 1980.

*Robert L. Berry, Robert M. Brinson,* for appellant (Case No. 36192).

*Horace Clary, Ron Patton, Harl C. Duffey, Jr.,* for appellees (Case No. 36192).

*Harl C. Duffey, Jr.,* for appellants (Case No. 36193).

*Horace Clary, Ron Patton, Robert L. Berry,* for appellees (Case No. 36193).