61164, 61165. CITY OF DALTON et al. v. SMITH; and vice versa.

CARLEY, Judge.
Appellee entered the employment of the appellant-City of Dalton (City) on July 1, 1941. Approximately one year later appellee enlisted in the United States Army and served until December 13, 1945 when he was honorably discharged. Less than two months after

his discharge from the military appellee returned to his employment with the City and remained until his retirement on January 1, 1978. Appellee sought pension benefits from the Mayor and Council of the City of Dalton Employees' Pension Plan (Plan). Appellee was granted a pension by the Board of Trustees (Board) of the Pension Plan, the amount of which had been calculated without giving appellee credit for his period of military service in the determination of his length of time in the City's employ. Appellee subsequently requested the Board to consider his time in the military in calculating his benefits under the Plan and to increase his pension accordingly. Despite repeated demands the Board refused to act formally on appellee's request, neither granting nor denying his claim to increased benefits under the Plan.

Appellee filed suit against appellants, the City and individual members of the Board, alleging his unsuccessful attempts to secure action on his claim for increased pension benefits and seeking "judgment . . . for the full amount he should have been paid since retiring according to law, plus interest thereon, plus attorney's fees . . . and all costs of this action, and that in addition, he be paid said increased amount for each month in the future as he is entitled to." Appellants answered and, while denying that appellee was entitled under the Plan to have his time in the military serve as the basis for an increase in benefits, admitted that they had "taken no formal action" on appellee's demands in that regard. Appellants further urged that under the statute creating the Plan, appellee's exclusive remedy to obtain the relief sought in his complaint was to secure a writ of certiorari from the Superior Court of Whitfield County to review the Board's "action."

Appellee moved for summary judgment. The trial court denied the motion as to attorney's fees but granted appellee "judgment against the [appellants] in accord with the amount owed . . . calculating his benefits on the basis of four hundred and thirty seven months (437) instead of three hundred and ninety three (393) months together with interest thereon." In the main appeal appellants seek the reversal of the grant of summary judgment to appellee. In the cross-appeal appellee seeks reversal of the order insofar as it denied him attorney's fees.

1. Appellee's entitlement to pension benefits arises exclusively from the provisions of the act creating the Plan, Ga. L. 1974, p. 2744. Under the terms of the relevant statute, the Board is given original jurisdiction "[t]o receive and pay out pension funds in accordance with the provisions of this plan." Ga. L. 1974, pp. 2744, 2750. The only qualification on the Board's jurisdiction in this or any other matter concerning the administration of the Plan is contained in the

following provision of the statute: "Any participant who is dissatisfied with the action of the Board shall have the right of appeal to the Superior Court of Whitfield County, Georgia, by writ of certiorari, within thirty (30) days from the date of such action of the Board . . ." Ga. L. 1974, pp. 2744, 2748. Thus the only jurisdiction of the Superior Court of Whitfield County which can be invoked *under the statute* to adjudicate disputes between a pensioner and the Board is by writ of certiorari. Appellee's claim was not brought before the trial court under this procedure and the court's jurisdiction was not properly invoked under the statute.

The trial court, in its order granting summary judgment against appellants, held that "[s]ince the Act provides that a participant who is 'dissatisfied with the action of the Board' has the right of appeal, and the facts stipulated here show that the Board has refused to take action, it is the judgment of the Court that the [appellee] is not barred from pursuing other remedies." We agree with this analysis but only to the limited extent that it would allow appellee to utilize the remedy of mandamus to seek *to compel the Board* to increase his pension benefits. What appellee seeks is an increase in his entitlement to benefits derived from a specific fund. Under the statute creating that fund only the Board has the authority to pay out monies therefrom. Under the statute a "dissatisfied" participant in the Plan is given the right to appeal by writ of certiorari to the superior court from an "action" of the Board but in the instant case the Board is frustrating this avenue of redress for appellee. The only complaint appellee has against the Board is its failure to take the necessary action to increase his pension. A money judgment against the City and the members of the Board would not afford appellee the relief he seeks since he can obtain an increase in pension benefits only through the Board's *action.* See generally *Mattox v. Board of Education,* 148 Ga. 577, 580 (2) (97 SE 532) (1918). "Mandamus is the remedy to compel a public officer or a county board to perform a duty imposed by law. It is the remedy in this case, because it is the only adequate and specific remedy at law." *Mattox,* 148 Ga. at 581, supra.

While "[i]f there be a specific remedy by certiorari, the right of mandamus will not lie," *Densmore v. West,* 206 Ga. 531, 532 (57 SE2d 675) (1950), under Ga. L. 1974, pp. 2744, 2748, a "dissatisfied" pensioner, such as appellee, has a specific remedy by certiorari only in the event the Board takes some "action." We reject appellants' contentions that the law will permit them to ignore appellee's demands for his pension benefits and to refuse to take any "action" with reference thereto, thereby cutting off recourse to the courts for what may be a legitimate claim. "If the applicant is for any reason entitled to [benefits], and the remedy of certiorari is beyond his

reach, because there has been no judgment from which he can take certiorari, it would seem clear that there would be such a 'defect of justice' as would entitle him to a mandamus to compel the granting of the [benefits] of the character and description set forth in the petition . . ." *Wofford Oil Co. v. City of Calhoun,* 183 Ga. 511, 514 (189 SE 5) (1936). See also *South View Cemetery Assn. v. Hailey,* 199 Ga. 478, 483 (7) (34 SE2d 863) (1945). Thus, since Ga. L. 1974, pp. 2744, 2748, provides only for the right of a "dissatisfied participant" to appeal by writ of certiorari an "action" by the Board and that remedy is unavailable to appellee because of the Board's inaction, mandamus would lie to seek to compel the Board to pay him his increased benefits. See generally *Bender v. Anglin,* 207 Ga. 108 (60 SE2d 756) (1950). Compare *Densmore v. West,* 206 Ga. 531, supra. Were appellee's complaint and the trial court's order capable of being construed as a petition for and the grant of mandamus relief, we would transfer this case to the Supreme Court. Code Ann. § 64-110. Such is not the case, however, for appellee sought and obtained a money judgment against appellants even though his sole complaint was their failure to take "action" on his requests for increased benefits. See *Mattox v. Board of Education,* 148 Ga. 577, 580 (2), supra; *Cook v. Howard,* 134 Ga. App. 721, 722 (2) (215 SE2d 690) (1975). We, therefore, conclude that under Ga. L. 1974, p. 2744, a "dissatisfied" pensioner is entitled to appeal by writ of certiorari within thirty days from "action" by the Board or to petition for mandamus to secure the desired action in the event of the Board's inaction. Appellee was unable to pursue the former course because of the Board's inaction and did not pursue the latter remedy. Appellee's complaint failed to state a claim against appellants for a money judgment in the amount of his increased pension benefits and failed to invoke the mandamus jurisdiction of the superior court. It was, consequently, error to afford him the relief granted.

2. Disposition of the main appeal for the reasons stated in Division 1 renders the cross-appeal moot. Whether or not appellee-cross-appellant is entitled to attorney's fees must be determined when and if the proper remedy of mandamus is sought. See generally *City of Chamblee v. Bridges,* 229 Ga. 304 (190 SE2d 914) (1972).

*Judgment in Case No. 61164 reversed. Appeal in Case Number 61165 dismissed. Deen, P. J., and Banke, J., concur.*

DECIDED APRIL 8, 1981 —
REHEARINGS DENIED APRIL 24, 1981

*Carlton McCamy, Erwin Mitchell,* for appellants.