302 Ga. 284
FINAL COPY

S17A0924, S17X0925. KAMMERER REAL ESTATE HOLDINGS, LLC v. FORSYTH COUNTY BOARD OF COMMISSIONERS et al.; and vice versa.

BLACKWELL, Justice.

Kammerer Real Estate Holdings, LLC owns a lot on the corner of Peachtree Parkway and Stoney Point Road in Forsyth County. Seeking to construct an automotive service facility on that lot, Kammerer applied for a site development permit. The lot is subject to a zoning condition under the Forsyth County Unified Development Code that certain "open space" on the lot remain undeveloped. The Director of the Forsyth County Department of Planning and Community Development concluded that the proposed construction would not comply with this condition, and so, he refused to issue a site development permit. Kammerer then asked the Forsyth County Board of Commissioners to amend the zoning condition, but the Board declined to do so. At that point, Kammerer filed this lawsuit against the County, the Board, and the Director, alleging that the Director had misconstrued the "open space" condition, and if

it actually means what the Director said it means, it is unconstitutional in several respects. The defendants filed a motion to dismiss for failure to state a claim under OCGA § 9-11-12 (b) (6), and the trial court granted the motion in part and denied it in part. Kammerer appeals from the dismissal of certain claims, and the defendants cross-appeal from the refusal of the trial court to dismiss other claims. We affirm in part and reverse in part.

1. In its pleadings, Kammerer sought declaratory relief concerning the constitutionality of the "open space" condition, as well as a writ of mandamus to compel the Director to issue the site development permit. The trial court dismissed these claims because it concluded that Kammerer lacks standing to assert the unconstitutionality of the zoning condition, inasmuch as the condition already was in effect when Kammerer acquired the lot. As the defendants now concede, this conclusion was in error. In City of Rome v. Pilgrim, 246 Ga. 281, 283 (2) (271 SE2d 189) (1980), this Court held that "the mere fact that a zoning regulation is in effect at the time property is purchased does not preclude the purchaser from attacking its constitutionality." The trial court dismissed the

claims for declaratory relief and a writ of mandamus upon a ground foreclosed by our decision in Pilgrim,[1] and we reverse the dismissal of those claims.[2]

2. Kammerer sought judicial review of the decision of the Director to refuse a site development permit by writ of certiorari. The trial court dismissed this claim for judicial review, apparently based on its conclusion that Kammerer

_____

[1] Although the defendants note that a few jurisdictions have adopted an approach at odds with our decision in Pilgrim, they do not ask us to reconsider Pilgrim or overrule it.

[2] The defendants urge us to affirm the dismissal of the claim for declaratory relief as right for other reasons, but we decline to do so. See Hardin v. Hardin, 301 Ga. 532, 537 (801 SE2d 774) (2017) (noting that application of the right-for-any-reason rule is discretionary). First, the defendants argue that the claim for declaratory relief is barred by the doctrine of sovereign immunity. The question of sovereign immunity is a jurisdictional one, and a court should resolve it before proceeding to enter a judgment on the merits. See McConnell v. Ga. Dept. of Labor, 302 Ga. 18 (805 SE2d 79) (2017). But even if sovereign immunity bars some of the declaratory relief that Kammerer seeks, Kammerer sued the Director in both his official and individual capacities, and it is clear that sovereign immunity would not bar declaratory relief against the Director in his individual capacity. See Lathrop v. Deal, 301 Ga. 408, 443-444 (III) (C) (801 SE2d 867) (2017). Accordingly, sovereign immunity would not dispose of the claim for declaratory relief in its entirety, it would not dispose of the claim for a writ of mandamus in any respect, see SJN Properties v. Fulton County Bd. of Assessors, 296 Ga. 793, 799 (2) (b) (ii) (770 SE2d 832) (2015), and we would have to reach the correctness of the dismissal on the merits of these claims in any event. Because we are setting aside the dismissal of the claim for declaratory relief, there now is no judgment on the merits of that claim, the claim remains pending, and the trial court can take up the question of sovereign immunity on remand. We caution, however, that the trial court should resolve that question before entering any further judgment on the merits. See McConnell, 302 Ga. at 19. Second, the defendants argue that declaratory relief is to remedy a present uncertainty, not to afford a remedy for past wrongs. That is true, see Baker v. City of Marietta, 271 Ga. 210, 214 (1) (518 SE2d 879) (1999), but here, the lot remains subject to the "open space" zoning condition, and the uncertainty about the constitutionality of that condition is a continuing one.

did not say much about the claim in its brief in response to the motion to dismiss.[3] Perhaps Kammerer could have defended this claim more forcefully, but that is not the test for dismissal under OCGA § 9-11-12 (b) (6). When presented with a motion to dismiss for failure to state a claim, a court must examine the sufficiency of the *pleadings*. See Anderson v. Flake, 267 Ga. 498, 501 (2) (480 SE2d 10) (1997).[4] In its amended pleading, Kammerer quite clearly complained that the Director had refused a site development permit based on his alleged misinterpretation of the "open space" zoning condition, and Kammerer

---

[3] In its order of dismissal, the trial court said: "[T]he Court finds that [Kammerer] does not specifically challenge [the Director's] administrative determination. While [Kammerer] references a potential argument as to his determination, [Kammerer's] entire argument focuses upon the [Board's] decision [to leave the zoning condition in place], not [the Director's] [decision to deny the site development permit]." In support of these findings, the trial court cited only to Kammerer's brief in response to the motion to dismiss.

[4] In Anderson, we explained the standard for dismissal under OCGA § 9-11-12 (b) (6) as follows:

> A motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of the relief sought by the claimant, the complaint is sufficient and a motion to dismiss should be denied. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor.

267 Ga. at 501 (2) (footnotes omitted).

4

sought "a writ of certiorari . . . for the correction of errors committed by . . . the

. . . Director." The trial court dismissed the claim against the Director for judicial review by writ of certiorari upon an improper ground, and we reverse the dismissal of that claim.

3. Kammerer also sought judicial review of the determination of the Board to leave the "open space" zoning condition in place by writ of certiorari. The Board moved to dismiss this claim for judicial review, but the trial court declined to dismiss it, reasoning that the Forsyth County zoning ordinance provides specifically that the acts of the Board in connection with zoning matters may be reviewed by writ of certiorari. Earlier this year, we held in City of Cumming v. Flowers, 300 Ga. 820, 823-824 (3) (797 SE2d 846) (2017), that the scope of review by writ of certiorari is defined by state law, see OCGA § 5-4-1, and its scope cannot be enlarged by local ordinance. That the zoning ordinance provides specifically for review by writ of certiorari is immaterial, and the trial court refused upon an improper ground to dismiss the claim against the Board for judicial review by writ of certiorari. Accordingly, we reverse the denial of the motion to dismiss this claim. On remand, the trial court should

reconsider the motion to dismiss this claim in light of Flowers and OCGA § 5-4-1.

4. Finally, Kammerer sought attorney fees under OCGA § 13-6-11, and the trial court refused to dismiss the claim for attorney fees. In their cross-appeal, the defendants note (correctly) that a claim for attorney fees under OCGA § 13-6-11 is a derivative claim, see Ga. Dept. of Corrections v. Couch, 295 Ga. 469, 474-475 (2) (a) (759 SE2d 804) (2014), and they urge that it cannot be brought as a claim derivative of a claim only for judicial review by writ of certiorari. That argument is understandable, considering that the trial court dismissed everything except the claims for certiorari review and attorney fees. But we have reversed the dismissal of the claims for declaratory and mandamus relief, and the parties have not briefed whether attorney fees are available under OCGA § 13-6-11 in connection with declaratory and mandamus relief.[5] Accordingly, at least for now, we cannot say that the trial court erred when it declined to dismiss the claim for attorney fees, and we affirm the denial of the motion to dismiss with respect to that claim.

_____

[5] There is at least some authority for the proposition that they are available in declaratory judgment and mandamus cases. See, e.g., Forsyth County v. Martin, 279 Ga. 215 (610 SE2d 512) (2005) (attorney fees available against a county under OCGA § 13-6-11 as a claim derivative of claims for mandamus, declaratory, and injunctive relief).

5. We do not decide definitively whether Kammerer states any claim upon which relief may properly be granted. We decide only that the trial court erroneously dismissed the claims for declaratory and mandamus relief by way of a legal analysis foreclosed by our decision in <u>Pilgrim</u>; erroneously dismissed the claim against the Director for judicial review by writ of certiorari by way of a misapplication of the proper standard for dismissal under OCGA § 9-11-12 (b) (6); erroneously denied dismissal of the claim against the Board for judicial review by writ of certiorari by way of a legal analysis inconsistent with our decision in <u>Flowers</u>; and did not err in rejecting the argument that the claim for attorney fees is due to be dismissed because it cannot properly be premised only on a claim for judicial review by certiorari (since other claims remain in the case, at least for now). Much is left to be resolved on remand. But based upon the particular rationales employed by the trial court below and the specific arguments of the parties on appeal, the judgment of the trial court on the motion to dismiss is affirmed in part and reversed in part.

<u>Judgment affirmed in part and reversed in part in Case No. S17X0925.</u> <u>Judgment reversed in Case No. S17A0924. All the Justices concur.</u>

Decided October 16, 2017.

Zoning. Forsyth Superior Court. Before Judge Bagley.

Miles Hansford & Tallant, J. Ethan Underwood, Joshua A. Scoggins, Jennifer S. Ray, for appellant.

Jarrard & Davis, Kenneth E. Jarrard, Jeffrey J. Costolnick; The Gore Law Firm, Jesse A. Van Sant; Larry W. Ramsey, Jr., for appellees.