**SECOND DIVISION**
**BARNES, P. J.,**
**GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.***

**July 1, 2021**

# In the Court of Appeals of Georgia

A21A0032. GASTEL v. DEKALB COUNTY et al.

PIPKIN, Judge.

After the DeKalb County Board of Commissioners denied Appellant Nancy Gastel's request for a variance and then to rezone her DeKalb County property, Gastel sued both the Board and the County ("Appellees"); Appellant sought declaratory and injunctive relief, and she asserted various constitutional claims, including a purported takings claim and a Section 1983 claim. The trial court subsequently granted Appellees' motion to dismiss, characterizing Appellant's lawsuit as an improper "mandamus action." We granted Appellant's application for discretionary appeal; we now reverse the judgment of the trial court and remand this case for further proceedings.

In 2012,[1] Appellant – "an experienced multi-state licensed real estate agent" – acquired at a "tax sale" a small, undeveloped parcel of land in the Sagamore Hills Subdivision in DeKalb County; the "sliver of property" had been created decades before when a resident of the subdivision sold a portion of her lot to an adjoining landowner. As Appellant was aware at the time of her purchase, the parcel is located in the R-100 zoning district – which requires at least 100 feet of street frontage and 15,000 square feet of lot area in order to be developed with a single-family dwelling – but contains only 40 percent of the required minimum street footage and approximately 55 percent of the required lot area or frontage. In 2014, Appellant sought a zoning variance, but the DeKalb County Zoning Board of Appeals ("ZBA") denied her request; Appellant did not appeal this decision to the superior court.

Sometime thereafter, Appellant unsuccessfully attempted to have the parcel declared a "a nonconforming lot of record" or a lot "created by government action" to avoid the R-100 zoning requirements, and, while she appealed that decision to the ZBA, there is no indication that she sought relief in the superior court. In July 2018, Appellant petitioned the Board of Commissioners to rezone her property, arguing in

[1] Throughout the record, the parties reference a "joint stipulation" of facts; this stipulation, however, does not appear to have been included in the record on appeal. We therefore relied on the parties' pleadings that, in turn, cite to that joint stipulation.

an accompanying letter that the DeKalb County zoning provisions were unconstitutional as applied and resulted in a taking of property without just compensation. Following a public hearing, the Board voted to deny the application in September 2018.

A month later, Appellant filed the instant matter in the Superior Court of DeKalb County; she sought declaratory and injunctive relief, and she asserted various constitutional claims, including a purported takings claim and a Section 1983 claim. In response, Appellees moved to dismiss the action pursuant to OCGA § 9-11-12 (b) (6), arguing, among other things, that Appellant's sole avenue for relief from the Board's decisions was through a common law writ of certiorari and that Appellant's claims were barred by sovereign immunity. Following a hearing,[2] the trial court granted Appellees' motion to dismiss. In its order granting the motion, the trial court characterized Appellant's complaint as a "mandamus action" and, relying on recent decisions from the Supreme Court of Georgia,[3] concluded that certiorari, rather than mandamus, was the proper method for Appellant to challenge Appellees' zoning

_____

[2] There is no transcript of this hearing in the materials before this Court.

[3] The trial court relied on *Diversified Holdings, LLP v. City of Suwanee*, 302 Ga. 597 (807 SE2d 876) (2017), and *City of Cummings v. Flowers*, 300 Ga. 820 (797 SE2d 846) (2017).

3

decisions. We granted Appellant's application for discretionary appeal, and she argues on appeal, among other things, that the trial court erroneously characterized her action as sounding in mandamus. We agree.

"In ruling on a motion to dismiss, the trial court must accept as true all well-pleaded material allegations in the complaint and must resolve any doubts in favor of the plaintiff." (Citations and punctuation omitted.) *Riverdale Land Group, LLC v. Clayton County*, 354 Ga. App. 1, 2 (840 SE2d 132) (2020). "We review the trial court's ruling on a motion to dismiss for failure to state a claim upon which relief can be granted under the de novo standard of review." (Citation omitted.) *Cleveland v. MidFirst Bank*, 335 Ga. App. 465, 465-466 (781 SE2d 577) (2016).

Here, neither Appellant's complaint nor her amended complaint make any mention of mandamus relief; while the record does not include a transcript of the hearing on Appellees' motion to dismiss, there is no indication in the record or in the trial court's order – and there is no argument by Appellees – that Appellant somehow amended or recast her complaint during that hearing. Any decision on Appellees' motion to dismiss should have been resolved on the content and sufficiency of the *pleadings*, see *Kammerer Real Estate Holdings, LLC v. Forsyth County Bd. of Commrs.*, 302 Ga. 284, 286 (2) (806 SE2d 561) (2017), and, in this case, it was not.

4

Further, given that the trial court's ruling was based solely on the mischaracterization of Appellant's claims, we need not consider the claims actually raised in Appellant's complaint.[4] See *City of Rincon v. Ernest Communities, LLC*, 356 Ga. App. 84, 93 (5) (846 SE2d 250) (2020). In the end, "[w]e do not decide definitively whether [Appellant] states any claim upon which relief may properly be granted," instead, we need only decide that the trial court erroneously dismissed Appellant's complaint based on a claim that was not, in fact, presented in her complaint. *Kammerer Real Estate Holdings*, 302 Ga. at 287 (5).

Accordingly, the judgment of the trial court is reversed, and this case is remanded for proceedings consistent with this opinion.

*Judgment reversed and remanded. Barnes, P. J., and Gobeil, J., concur.*

---

[4] Appellees contend that we should affirm the trial court's judgment if it is "right for any reason." However, the "right for any reason" doctrine is a discretionary tool; we decline to exercise such discretion to delve into the varied and, as of yet, unaddressed claims actually raised in Appellant's complaint, even if those claims may spark jurisdictional concerns. See *Kammerer Real Estate Holdings, LLC v. Forsyth County Bd. of Commrs.*, 302 Ga. 284, 285 (1), n. 2 (806 SE2d 561) (2017).