**SECOND DIVISION**
**RICKMAN, P. J.,**
**GOBEIL and DAVIS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**February 12, 2026**

# In the Court of Appeals of Georgia

A25A2072, A25A2073. SMITH v. ADAMS; and vice versa.

RICKMAN, Presiding Judge.

A jury awarded damages, attorney fees, and expenses of litigation to Dale Adams in this action for negligence that he filed against Ashley Claxton after she hit him with a car. In Case No. A25A2072, Michael T. Smith, as the administrator of Claxton's estate, appeals, contending, inter alia, that the trial court erred by refusing to clarify an ambiguous jury charge and by refusing to grant a new trial based on giving that charge. In his cross-appeal in Case No. A25A2073, Adams argues that the trial court erred by granting Smith's motion for judgment notwithstanding the verdict as to the jury's award of attorney fees and expenses of litigation under OCGA § 9-11-

68(e).[1] For the reasons that follow, we reverse in Case No. A25A2072 and remand the case for a new trial, and we dismiss as moot Adams's cross-appeal in Case No. A25A2073.

Viewing the evidence in the light most favorable to the verdict, *Clements v. Weaver*, 301 Ga. App. 430, 430 (687 SE2d 602) (2009), the record shows that in May 2016, Adams was working as a superintendent on a bridge construction project when Claxton struck him with a car, severely injuring him. Adams sued Claxton in Fulton County State Court for negligence and negligence per se. Adams sought to recover damages including medical expenses, lost wages, lost earning capacity, pain and suffering, and expenses of litigation under OCGA § 13-6-11.[2] Claxton died while the

[1] OCGA § 9-11-68(e) provides, in relevant part: "Upon motion by the prevailing party at the time that the verdict or judgment is rendered, the moving party may request that the finder of fact determine whether the opposing party presented a frivolous claim or defense. In such event, the court shall hold a separate bifurcated hearing at which the finder of fact shall make a determination of whether such frivolous claims or defenses were asserted and to award damages, if any, against the party presenting such frivolous claims or defenses."

[2] OCGA § 13-6-11 provides as follows: "The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them."

case was pending, and the trial court substituted Smith, as the administrator of Claxton's estate, as the defendant.

Adams moved to bifurcate the trial proceedings. The trial court granted the motion and ordered that phase one of the trial would address liability; whether Claxton acted in bad faith, was stubbornly litigious, or caused Adams unnecessary trouble and expense; and the amount of general and special damages, excluding damages under OCGA § 13-6-11. Phase two would address "the amount of attorneys' fees and expenses of litigation, if any."

Smith ultimately admitted liability, and the case proceeded to trial on the remaining issues.

Following closing arguments, the trial court charged the jury. After charging the jury on damages, the trial court gave the following charges:

> Plaintiff in this case is seeking an award of attorneys' fees and expenses of litigation. Generally, attorneys' fees and litigation expenses are not allowed to be recovered as part of the damages. However, if you find that defendant acted in bad faith, you may award reasonable attorneys' fees and litigation expenses incurred by Plaintiff.

...

> Upon considering the case under all the instructions which the Court has given you, you shall render a verdict on the verdict form which will be given to you. The verdict form should be self explanatory.

The verdict form had a blank for "total damages" and yes or no blanks for the jury to indicate whether it found that Claxton "acted in bad faith such that the attorneys' fees and litigation expenses of Plaintiff Dale Adams should be allowed."

After the jury was charged, the trial court heard the parties' objections to the charge. Smith objected to one charge, and the trial court noted his objection for the record. Smith then stated, "One other thing is ... [s]ometimes judges explain the verdict form. The way the charge was read without explaining the verdict form, it sounds like the attorneys' fees should be included as part of the damages." Smith explained that his "concern is that they're going to check the box 'yes' on bad faith, and then incorporate attorneys' fees that they don't have any evidence of. Unless you explain it at this point, it's just a check box on yes or no as part of the verdict form." The trial court stated that it "might consider just to avoid confusion to bring them out before they start deliberating and say you're ... only determining compensatory damages at this point and not attorneys' fees." However, after Adams opined that the verdict form was clear and did not need any further explanation, the trial court stated,

4

"Okay. I'm not going to explain it. I'm not going to explain it further. I haven't had any issue with that in the past."

The jury returned a phase-one verdict awarding Adams $60,000,000 in "total damages" and finding that Claxton acted in bad faith. The trial then proceeded to phase two for the jury to determine the amount of the expenses of litigation to be awarded to Adams under OCGA § 13-6-11. The jury returned a phase-two verdict totaling $40,000,000, which consisted of $39,912,760.30 in attorney fees and $87,239.70 in litigation expenses. Adams moved for an additional attorney fee recovery under OCGA § 9-11-68(e), and the jury awarded an additional $3,500,000 in attorney fees and expenses of litigation.

Smith moved for a new trial, or, in the alternative, for remittitur. The trial court found that the jury's OCGA § 13-6-11 attorney fee award was excessive and ruled that the court would grant a new trial unless Adams accepted a remittitur of that award to $24,087,239.80 — $24,000,000 in attorney fees plus $87,239.80 in litigation expenses. The trial court otherwise denied the motion for new trial/motion for remittitur. Adams accepted the remittitur.

Smith also moved for partial judgment notwithstanding the verdict on Adams's OCGA § 9-11-68(e) claim. The trial court granted Smith's motion and set aside the additional $3,500,000 award of attorney fees and expenses.

These appeals followed.

*Case No. A25A2072*

1. Smith contends that the trial court erred by refusing to clarify its charge to the jury on attorney fees during the first phase of the trial and by refusing to grant a new trial based on giving that charge. Specifically, Smith argues that the charge was ambiguous and may have resulted in the jury awarding a sum of attorney fees as part of Adams's "total damages" in phase one of the trial. We agree.

This Court reviews an allegedly erroneous jury charge de novo.[3] *Boone v. Vascular Surgical Assocs.*, 372 Ga. App. 547, 555(2) (905 SE2d 199) (2024). "In assessing whether a jury instruction was erroneous, it must be evaluated in the context of the trial court's jury instructions as a whole, including consideration of a preprinted verdict form." *United Obstetrics & Gynecology v. Robinson*, 376 Ga. App. 198, 200(1) (918 SE2d 365) (2025). "[T]he only requirement regarding jury charges is that they were, as given, correct statements of the law and, as a whole, would not mislead a jury of ordinary intelligence." *Boone*, 372 Ga. App. at 555(2) (punctuation omitted). "When we are presented with a claim that a particular instruction is misleading, we do not evaluate jury charges in isolation, but rather consider them as a whole to

---

[3] Adams contends that the allegedly erroneous jury instruction should be reviewed for plain error rather than de novo, arguing that Smith failed to object to the jury instruction. OCGA § 5-5-24(a) provides that in civil cases, "no party may complain of the giving or failure to give an instruction to the jury unless he objects thereto before the jury returns its verdict, stating distinctly the matter to which he objects and the grounds of his objection." "To be considered sufficient under this code section, an objection must be stated distinctly enough for a reasonable trial judge to understand its nature, enabling him to rule intelligently on the specific point." *Smith v. Norfolk S. Ry. Co.*, 337 Ga. App. 604, 611(2) (788 SE2d 508) (2016) (punctuation omitted). Here, Smith stated his objection to the charge distinctly enough for the trial judge to understand its nature, enabling the judge to rule on the specific point raised by Smith. Smith's objection was, therefore, sufficient under OCGA § 5-5-24(a). See *Smith*, 337 Ga. App. at 611(2).

7

determine whether there is a reasonable likelihood the jury improperly applied a challenged instruction." *Walker v. State*, 311 Ga. 719, 724 (3) (859 SE2d 25) (2021) (punctuation omitted).

"[T]he trial court may correct errors in a charge by calling attention to the erroneous parts of the charge and giving the jury the correct rule." *Fassnacht v. Moler*, 358 Ga. App. 463, 472(1)(a) (855 SE2d 692) (2021) (punctuation omitted). "A proper instruction on recharge may correct an improper instruction given in the original charge to the jury, where the correct instruction given on recharge explains away the defect in the previous improper charge." Id. (punctuation omitted).

"When an error in the charge of the court is shown to exist, it is presumed to be prejudicial and harmful, and this [C]ourt will so hold unless it appears from the entire record that the error is harmless." *Foskey v. Foskey*, 257 Ga. 736, 737(2) (363 SE2d 547) (1988).

Here, the trial court instructed the jury that "[g]enerally, attorneys' fees and litigation expenses are not allowed to be recovered as part of the damages. However, if you find that defendant acted in bad faith, you may award reasonable attorneys' fees and litigation expenses incurred by Plaintiff." In isolation, this jury instruction was not

erroneous. However, we must evaluate this instruction in the context of the trial court's jury instructions as a whole, including the preprinted verdict form. *United Obstetrics & Gynecology*, 376 Ga. App. at 200(1). Here, although the trial court instructed the jury that it could award attorney fees and expenses "as part of the damages" if it found the defendant acted in bad faith, the jury was not instructed that "total damages" on the verdict form should exclude attorney fees and expenses of litigation. Furthermore, when they were considering their verdict in phase one of the trial, the jurors had not been informed that if they found bad faith, there would be a second phase of the trial in which evidence of attorney fees and litigation expenses would be presented. A jury of "ordinary intelligence" could have understood the trial court's instructions to authorize an award of attorney fees and expenses of litigation as part of "total damages" if the jury found bad faith. See generally *Boone*, 372 Ga. App. at 555(2). Under these circumstances, we conclude that the jury instruction could have confused the jury and that there is a reasonable likelihood that the jury improperly applied the trial court's instruction and included some amount for attorney fees and expenses of litigation as part of the "total damages" on the verdict form. See *Walker*, 311 Ga. at 724(3). See also *King Cotton, Ltd. v. Powers*, 190 Ga. App.

9

845, 848(2) (380 SE2d 481) (1989) (charge on damages that "could have confused a jury of ordinary capacity and understanding" constituted reversible error). The trial court could have clarified the initial charge by recharging the jury to instruct the jurors that they were "only determining compensatory damages at [that] point and not attorneys' fees," as it considered doing. See *Fassnacht*, 358 Ga. App. at 472(1)(a). However, it declined to do so. Consequently, we must reverse the trial court's judgment and denial of the motion for new trial, and remand the case for a new trial. See *King Cotton, Ltd.*, 190 Ga. App. at 848(2).

2. Because of our determination in Division 1, we need not address Smith's remaining enumerations of error.

*Case No. A25A2073*

3. In Case No. A25A2073, Adams challenges the trial court's grant of Smith's motion for judgment notwithstanding the verdict as to the jury's award of attorney fees and expenses of litigation under OCGA § 9-11-68(e). Attorney fees and expenses of litigation are available under OCGA § 9-11-68(e) only "[u]pon motion by the prevailing party at the time that the verdict or judgment is rendered." Because in Division 1 we have reversed the judgment and remanded the case for a new trial,

Adams's cross-appeal is moot and must be dismissed. See generally *Harris v. Martin*, 373 Ga. App. 158, 163(2) (908 SE2d 17) (2024); *City of Dalton v. Smith*, 158 Ga. App. 356, 359(2) (280 SE2d 138) (1981). See also *Showan v. Pressdee*, 922 F3d 1211, 1228(VII)(C) (11th Cir. 2019) ("Because [OCGA § 9-11-68(e)] requires the prevailing party to move for a hearing 'at the time the verdict or judgment is rendered,' it plainly contemplates that arguments regarding frivolity belong before the same factfinder that renders the underlying verdict or judgment." (emphasis omitted)).

*Judgment reversed in Case No. A25A2072, and case remanded. Appeal dismissed in Case No. A25A2073. Gobeil and Davis, JJ., concur.*