NICHOLS *et al. v.* PIRKLE.

JENKINS, Chief Justice. 1. "Private citizens may not generally interfere to have a public nuisance enjoined, but the petition must proceed for the public on information filed by the solicitor-general of the circuit. A public nuisance may be abated on the application of any citizen specially injured." Code, § 72-202.

(*a*) The allegations of the instant petition with reference to special injury sustained by the plaintiff to his health and to his property were sufficient to authorize an action in his, own name to abate the alleged public nuisance complained of; and while, as hereinafter shown, the additional allegations of the petition seeking to set up and recover the actual amount of damages were subject to special demurrer for failing to allege sufficient facts as a basis for computing the amount of such special damages, this defect relates, not to the existence of the special injury complained of as related to an action to abate, but only to the valuation placed upon such injuries as related to the prayer for the recovery of damages. Accordingly, the court did not err in overruling the demurrer to the petition to abate the nuisance on the ground that a private individual cannot bring an action to abate a public nuisance.

2. This court has twice upheld the constitutionality of the act of the General Assembly (Ga. L. 1937, p. 264) requiring the licensing of the businesses therein enumerated, when attacked upon the ground that it was violative of the due-process clause of the State and Federal Constitutions (*Poss* v. *Norris,* 197 *Ga.* 513, 516 (1), 29 S. E. 2d, 705) ; and as being violative of the equal-protection clause of the State and Federal Constitutions (*Ingram* v. *State,* 193 *Ga.* 565, 19 S. E. 2d, 493) ; and since the act now under attack (Ga. L. 1945, p. 482) on the same grounds is merely. amendatory of the act of 1937 and only to the extent that it makes certain other similar enterprises, including the operation of a trailer park, subject to its provisions, and since the constitutional question is raised by demurrer, and there is no question presented as to an arbitrary, capricious, or fraudulent refusal to grant permission to operate a trailer park, it follows that the only question for determination with respect to these grounds of attack is whether or not the business of operating a trailer park is so distinguishable from the other types of business to which the act has been held applicable as would make unconstitutional the provisions of the act regulating this type of business. In this respect it is sufficient to say that the congestion of living conditions inherent in a trailer park, together with the uncertainties as to sanitary conditions, including water, sewerage, cooking, bathing and washing facilities, and the fact that the occupants of a trailer park may be to a large extent transitory, are all very patent reasons why such a business is so affected with a public interest as to make it a proper subject for legislative regulation under the broad police powers of the State.

(*a*) The plaintiff in error further attacks the constitutionality of the above statute as violative of article I, section IV, paragraph I of the State Constitution (Code, § 2-401), which declares that "Laws of a general nature shall have uniform operation throughout the State." It is urged that the classification of counties into those having populations in excess

of three thousand inhabitants, and those having less than that number, and making the act applicable only to tourist parks operated in counties having more than three thousand inhabitants, violates this provision of the Constitution. This contention is clearly without merit, in view of the repeated rulings by this court to the effect that laws operating uniformly throughout the State with respect to the subject-matter, but applying only to cities or counties of a common class having a certain number of inhabitants or more, are general statutes having uniform operation. *Starnes* v. *Mutual Loan & Banking Co.*, 102 *Ga.* 597, 606 (29 S. E. 452); *Cooper* v. *Rollins*, 152 *Ga.* 588, 591 (3) (110 S. E. 726, 20 A. L. R. 1105).

(b) Under the foregoing rulings, the grounds of the defendant's demurrer attacking the constitutionality of the above act of the General Assembly are without merit; and since the operation of the trailer park without permission of the proper county authorities is specially designated to be a public nuisance by the terms of the above act, and since the plaintiff was a proper party to bring an action to abate said nuisance, it follows that the trial court did not err in overruling the general demurrer to the petition to abate the same, and this is true independently of any consideration of the question whether the allegations of the petition show a cause of action such as would be sufficient to abate it as a nuisance *per accidens.*

3. With respect to the additional allegations and prayers for the recovery of special damages, the defendant demurred specially to the following allegations: "Petitioner further shows that, in order to get away from said continuing nuisance in its operation and consequences thereto as hereinbefore alleged, he has offered to sell or rent his place, but owing to the proximity of the trailer camp of defendants, he can neither sell nor rent the same; and in consequence of the erection, maintenance, and operation of the nuisance in such close proximity to the residence of petitioner, his said dwelling house and lot have become almost if not totally valueless, to his injury and damage in the sum of $20,000." This allegation fails to indicate the market value of the property prior to the damage complained of, and does not afford a sufficiently clear basis upon which the allegation as to the amount of damages is predicated (*City Council of Augusta* v. *Marks*, 124 *Ga.* 365 (6), 52 S. E. 539), and the demurrer on this ground should have been sustained.

(a) The following allegation is also subject to special demurrer. "Petitioner further shows that by reason of the detriment to his health and mental worry, caused by defendant's operation of said trailer camp in the way and manner hereinbefore alleged, he has been damaged in the sum of $1200 per year, and because of the impairment of his wife's health, she has suffered damage to the amount of $1200 per year." This allegation is defective, in that it fails to show the duration of the injury complained of, whether the impairment to health is permanent or temporary, whether there has been loss of time, or of his wife's services, medical expenses, or in fact any basis whatever for arriving at the figures cited; and in the absence of any facts alleged in connection therewith, such allegations constitute a mere conclusion of the pleader and as such the special demurrer based upon this ground should have been sustained.

4. The plaintiffs in error contend that Southern Hospitality Inc. was not served with a rule nisi to show cause why it should not be made a party to the suit in question, and that the order of the court requiring it to show cause why it should not be restrained was therefore illegal. This contention is based on the fact that the original amendment to the petition, while containing a prayer that Southern Hospitality Inc. be restrained and enjoined, did not also in terms pray that it be made a party to the suit. However, a subsequent amendment, dated February 19, 1947, did specifically pray that it be made a party, and the fact is not disputed that proper service of these two rules, based upon the first and second amendments, was made on counsel representing all of the parties to the litigation. While neither the first nor the second rule nisi contained specific language requiring Southern Hospitality Inc. to show cause why it should not be made a party, they did contain language requiring it to show cause why the prayers of the petition and amendments should not be granted, and were sufficient to put this defendant on notice that it would be required to show cause why it should not be made a party, as a necessary incident to the granting of the prayers of the petition as amended.

5. The plaintiffs in error also contend that on the interlocutory hearing upon the return to the court of the various rules nisi, the judge could do no more than allow or refuse the plaintiff in error to be made a party defendant, and that it was, therefore, error to require them to show cause why they should not also be restrained and enjoined as prayed. Under the facts of this particular case, this contention is without merit, for while it is true that a new party to a suit may not be ruled to *trial* without a reasonable time to prepare his defense, in this case there was no suggestion that the plaintiffs in error did not have adequate time to present any reason which they might have had why they should not be restrained and enjoined; but instead they merely insisted upon the contention that they could not be enjoined because they had not been made parties defendant. *Planters' Bank* v. *Ga. Loan & Trust Co.*, 160 *Ga.* 107, 108 (2) (b) (127 S. E. 413). Nor is it made to appear that the trial court abused its discretion in ordering a hearing at the same interlocutory proceeding on the demurrers to the petition, especially since all of the defendants were represented by the same counsel, and particularly in view of the fact that the trial court granted the defendants four days in which to file a brief on all of the questions presented, both on demurrers and on the question why the defendants should not be restrained.

6. Exceptions are taken to the restraining order entered by the court, on the ground that it was based on an adjudication of a question of fact as to whether or not the defendants were operating the trailer park for "money or profit," so as to be made subject to regulation under the law, and upon the further ground that the order is in the nature of a mandatory injunction. The order is as follows: "That the defendants be, and each of them, by themselves or through their agents or others, are hereby temporarily restrained and enjoined from all further operation of the trailer park mentioned in the foregoing matter in any manner or form until such time as they have obtained permission of the county authorities of Clayton County, Georgia, as required by law."

(*a*) The first contention, that the order is based upon an adjudication of a question of fact, is without merit, for while it is true that on an interlocutory hearing the court should not undertake to adjudicate questions of fact *finally,* nor to grant a permanent injunction (*Watkins* v. *Wilkerson,* 141 *Ga.* 163 (5), 80 S. E. 718, Ann. Cas. 1915C, 1124), yet the court must as a matter of necessity consider all of the facts properly presented, and in the exercise of its discretion grant or refuse a temporary restraining order in accordance with the circumstances as they appear from all of the facts thus presented. Furthermore, it is made to appear from the defendant's answer, which was properly before the court for consideration on the question of granting or refusing the restraining order, that there was actually no issue of fact presented as to whether or not the trailer park in question was or was not operated for "money or profit." The defendant's answer contained allegations in part as follows: "Defendant was further advised by his counsel that the act authorizing the County Commissioner to grant or refuse licenses for trailer courts specifically stipulates that the Commissioner has authority to grant or refuse licenses only where the proposed licensee would be operating for profit, and that in the instant case, inasmuch as defendant had received no profit from the operation of his said trailer court from the date of purchase, but had used all revenues from said operation for the improvement of the property, that for that time and until he was able to obtain a license from the said Commissioner, that in order to comply with all requirements of the law, he should operate his said trailer court as a non-profit venture, and that the most appropriate form of organization would be to endeavor to grant his property to a non-profit corporation organized under the laws of this State, and acting upon such advice and upon the formation of a non-profit corporation styled Southern Hospitality Inc., defendant did grant all of his rights, reserving only his personal residence on said property, to said non-profit corporation, to be operated without profit to any person as a trailer park." These allegations clearly demonstrate that the sole purpose of incorporation was to evade the law requiring permission to operate a trailer park, and that the act of incorporation was but a means to that end; and since the allegations of the answer suggest a misapprehension as to the true nature of a non-profit enterprise, and since there was a total absence of evidence to indicate that the trailer park was in fact operated for any purpose other than "money or profit," it follows that the restraining order complained of was not based upon a final adjudication of a question of fact, and under the circumstances of this case the restraining order was eminently proper.

(*b*) The contention that the restraining order is mandatory in nature is obviously without merit. The order requires the defendants to do nothing whatever. It simply restrains them from operating a trailer park until the law regulating its operation has been complied with. Whether the defendants do or do not obtain permission of the proper county authorities is not the concern of the court.

7. The rulings hereinbefore set forth adjudicate all the assignments of error on which any sort of insistence is made in the briefs.

*Judgment affirmed in part, and reversed in part. All the Justices concur.*

No. 15855. JUNE 12, 1947.

*Luther Alverson* and *Robert L. O'Neil,* for plaintiffs in error.
*Coogler & Kemp* and *Kelley, Hamrick & Coogler,* contra.