23047, 23048.   HORNSTEIN v. LOVETT, Commissioner, et al.; and vice versa.

Argued July 12, 1965—Decided September 9, 1965.

*Frank S. Cheatham, Jr.,* for plaintiff in error.

*John W. Sognier, Peyton Hawes, Jr.,* contra.

DUCKWORTH, Chief Justice. █ "Each county shall be a body corporate with such powers and limitations as may be prescribed by law." Constitution, Art. XI, Sec. I, Par. I (*Code Ann.* § 2-7801; Const. of 1945). The General Assembly in Ga. L. 1919, p. 604, invested the governing board of Chatham County with power to adopt ordinances that appear to them "requisite and necessary for the security, welfare and convenience of Chatham County and its inhabitants, and for preserving the health, peace, good government within the limits of the same." By a later constitutional amendment (Ga. L. 1952, p. 617) Chatham County was further empowered to enact ordinances "for the policing of Chatham County." In *Nichols v. Pirkle,* 202 Ga. 372 (2) (43 SE2d 306), this court said: "The congestion of living conditions inherent in a trailer park, together with the uncertainties as to sanitary conditions, including water, sewerage, cooking, bathing and washing facilities, and the fact that the occupants of a trailer park may be to a large extent transitory, are all very patent reasons why such a business is so affected with a public interest as to make it a proper subject for legislative regulation under the broad police powers of the State."

Having thus been specifically adjudicated that trailer parks are subject to regulation under police powers, it cannot now be

doubted that the ordinance of the county requiring that such parks not be located within 1,200 feet of any school ground or college campus, enacted October 30, 1964, is a valid exercise of the police powers conferred by both the 1919 Act, supra, and the 1952 constitutional amendment, supra. Thus we are here concerned with neither the 1945 Act (Ga. L. 1945, p. 482) which was repealed in 1964 (Ga. L. 1964, p. 499) nor the zoning law or regulations adopted pursuant thereto, discussed at length in the brief of counsel for plaintiff in error. The County of Chatham under the foregoing statutes and Constitution was given ample authority without resort to the general law of 1945. From what has been ruled it follows that application for a license which failed to show that the trailer park was more than 1,200 feet from any school ground or college campus was lawfully denied, and it was not error for the court to refuse to order the county authorities to issue the license.

■ But the cross bill excepts to an order of the court requiring the county to re-issue a building permit. Since the main bill has nothing to do with the judgment excepted to in the cross bill it is not permissible to review by cross bill the judgment therein excepted to. A reversal of the motion for new trial would not have affected the final judgment involved in the cross bill. Thus a direct bill to review that ruling would be necessary. *Code Ann.* § 6-901 (Ga. L. 1957, pp. 224, 232); *Planters &c. Fire Assn. v. DeLoach,* 113 Ga. 802 (39 SE 466); *Robinson v. Georgia Savings Bank &c. Co.,* 185 Ga. 688 (196 SE 395).

*Judgment affirmed on the main bill; cross bill dismissed. All the Justices concur.*