25877. MAYOR &c. OF RICHMOND HILL v. GILL.

SUBMITTED JUNE 9, 1970—DECIDED JULY 9, 1970.

*John R. Harvey,* for appellant.

*Allen, Edenfield, Brown & Franklin, B. A. Edenfield,* for appellee.

MOBLEY, Presiding Justice. The Mayor and Council of Richmond Hill brought a complaint against Bonnie Gill, seeking to enjoin the location of a mobile home in violation of a city ordinance. It was alleged that: The city adopted an ordinance on February 6, 1968, entitled, "An Ordinance to Regulate Mobile Homes," which prohibits the location of mobile homes within 300 feet of an existing residence. After the enactment of this ordinance, the defendant placed a mobile home on properties of her father within 300 feet of an existing residence. Thereafter the defendant requested a permit to park the mobile home on properties of her father, but this permit was denied because the parking of the mobile home was in violation of the ordinance. The defendant has refused to remove the mobile home, and the city has no adequate remedy at law, since there is no penal provision in the ordinance.

The defendant filed a motion to dismiss the complaint on the ground that there is no allegation that the ordinance regulating mobile homes was advertised as provided by law. This motion to dismiss was sustained, and the appeal is from this judgment.

It is stated in the briefs of counsel for both parties that counsel stipulated that notice of the ordinance regulating mobile homes was not published prior to its passage. We will therefore deal with the case on the question decided by the trial judge, whether the failure to publish notice made the ordinance invalid.

The charter of the City of Richmond Hill (Ga. L. 1962, pp. 2505-2527) does not require the publication of notice prior to the enactment of ordinances. The appellee contends that the ordinance regulating mobile homes is a zoning ordinance, and that under the laws governing municipal zoning the plaintiff did not have authority to enact a zoning ordinance without notice to the public. See Ga. L. 1957, pp. 420, 427 (*Code Ann.* § 69-1209).

In *Hornstein v. Lovett,* 221 Ga. 279, 282 (144 SE2d 378), this court held that trailer parks are subject to regulation under the police powers of the county, and that an ordinance regulating trailer parks is not a zoning ordinance.

The ordinance attached to the complaint does not appear to be a segment of a comprehensive zoning ordinance. It deals only with the regulation of mobile homes, within and without trailer parks. It refers in several places to the issuance of a permit, and provides for an annual fee for commercial trailer parks.

While the ordinance regulates the location of structures (mobile homes), and other matters which are proper subjects of zoning (Ga. L. 1957, pp. 420, 425; *Code Ann.* § 69-1207), it does not purport to be a zoning ordinance, and the requirements of the municipal zoning laws in regard to publication of notice are not applicable to it. The trial judge erred in dismissing the complaint on the ground that the ordinance was not published in conformity with the municipal zoning laws.

No question is made by this appeal as to the validity of the

ordinance except as to the failure to publish notice, and no ruling is made on its validity.

*Judgment reversed. All the Justices concur.*