## 27084. NISKEY LAKE WATER WORKS, INC. v. GARNER et al.

GUNTER, Justice. The appellant here brought an action for a writ of mandamus in the trial court against the Chief Inspector of Fulton County that would require him to

enforce the Building Code of Fulton County against Litchfield Construction Co., Inc. Litchfield was engaged in a construction project on land that had formerly been located outside the corporate limits of the City of Atlanta within Fulton County but which had been annexed by ordinance of the City of Atlanta so as to come within that city's corporate limits. The crux of the appellant's complaint was that the attempted annexation was illegal, the subject land is still located outside the corporate limits of the city within Fulton County, and that the Fulton County official should be required to exercise Fulton County's jurisdiction over the subject land with respect to Fulton County's Building Code.

Litchfield was permitted to become a party defendant by intervention, and Litchfield is in fact the real party defendant in the case.

The only issue for determination by the trial judge was whether the subject land was legally annexed so as to become a part of the City of Atlanta and under its jurisdiction rather than remaining outside the corporate limits and being under the jurisdiction of Fulton County. The trial judge found that there were no issues of fact for determination; he held as a matter of law that the subject land was legally annexed by the City of Atlanta so as to come within the city's jurisdiction; and he denied appellant's prayer for the issuance of a writ of mandamus.

The only issue for determination here is whether the trial judge was correct in holding that the annexation of the subject land was legal.

The appellant contends that the trial judge committed error, and urges upon us three basic reasons in support of this contention.

First, the City of Atlanta did not use the "60% method" (*Code Ann.* § 69-904) of annexation even though the city says that it did, since there were no electors residing on the subject land and since there was only one owner of the land. We consider this argument to be without merit.

The record shows that the procedures that must be followed in using the "60% method" were followed by the city in effecting this annexation. The one landowner involved signed the application for annexation, and since there were no electors residing on the land, the record clearly showing this, the failure to have electors sign the application was sufficiently and clearly explained. The fact that there was only one landowner involved in this annexation and no electors involved in this annexation did not prohibit use of the "60% method" prescribed by statute.

Second, the appellant urges that the 1966 Act providing for the "60% method" (*Code Ann.* § 69-904 et seq.), being a population Act, is not a "general law" or local Act of the General Assembly, and it is therefore in conflict with the 1965 Home Rule Act (*Code Ann.* § 69-1016) which prohibits municipalities from changing their boundaries "except by local act of the General Assembly or by such methods as may be provided by general law." We hold that the 1966 Act is a "general law" and provides a method of municipal annexation as contemplated by the 1965 Home Rule Act. See in this connection the case of *Nichols v. Pirkle*, 202 Ga. 372 (2a) (43 SE2d 306) (1947) where Chief Justice Jenkins, speaking for this court, said "laws operating uniformly throughout the state with respect to the subject-matter, but applying only to cities or counties of a common class having a certain number of inhabitants or more, are general statutes having uniform operation. [Citations]."

Third, the appellant makes the contention through ground recently plowed to the effect that the 1966 statute is unconstitutional in that it attempts to delegate "legislative power," including the right to change municipal boundaries, to local governments. A majority of the members of this court decided this issue adversely to the plaintiff's contention, and though the majority arrived at their destination by different routes in that case, the issue was nonetheless plainly and clearly decided. See

*Plantation Pipe Line Co. v. City of Bremen*, 227 Ga. 1 (178 SE2d 868) (1971). We decline to overrule the recent decision in *Plantation*.

*Judgment affirmed. All the Justices concur, except Nichols and Hawes, JJ., who dissent.*

ARGUED MARCH 15, 1972—DECIDED APRIL 6, 1972.

*Long & Seifferman, Floyd E. Seifferman, Jr.*, for appellant.

*Webb, Parker, Young & Ferguson, Guy Parker, Troutman, Sanders, Lockerman & Ashmore, Milton A. Carlton, Jr., Robert F. Cook, Arthur K. Bolton, Attorney General*, for appellees.

*Heard, Leverett & Adams, L. Clifford Adams, Jr.*, amicus curiae.

HAWES, Justice, dissenting. As recognized by the majority opinion, the proper determination of this case depends upon whether the area involved was properly annexed to the City of Atlanta. The purported annexation was had under the so-called 60 percent method provided by the Act approved March 10, 1966 (Ga. L. 1966, pp. 409, 410; *Code Ann.* § 69-904). This court dealt with the constitutionality of that Act in *Plantation Pipe Line Co. v. City of Bremen*, 227 Ga. 1 (178 SE2d 868), in which case Justice Nichols and I dissented. For the reasons set forth in that dissent, I am of the opinion that the annexation here in question was void and that the judgment of the trial court should be reversed.

I am authorized to state that Justice Nichols concurs in this dissent.