203 N.J. Super. 377 (1985)
497 A.2d 211
STANLEY LUCZYNSKI, ZONING OFFICER OF THE TOWNSHIP OF FAIRFIELD AND THE TOWNSHIP OF FAIRFIELD, PLAINTIFFS,
v.
RONALD E. TEMPLE, DEFENDANT.
Superior Court of New Jersey, Chancery Division Cumberland County.
Decided May 23, 1985.
*379 David E. Krell for plaintiffs (Lummis, Fisher & Krell, attorneys).
Thomas L. Grimm for defendant (Horuvitz, Perlow, Morris & Baker, attorneys).

OPINION
EDWARD S. MILLER, J.S.C.
In this action, a conviction for violating a local zoning ordinance restricting mobile homes to duly licensed mobile home parks is appealed on the basis that the ordinance violates the New Jersey Constitution.
The facts are as follows. In August 1984, defendant Ronald E. Temple placed a mobile home, in which he intended to reside, on a parcel of land owned by his parents in Fairfield Township, New Jersey. Defendant was advised by the township zoning officer that the placement of the mobile home violated the township's zoning ordinances. When defendant failed to remove the mobile home, a complaint was filed by the zoning officer.
On September 10, 1984, a hearing was held in municipal court. Defendant was found guilty of violating Ordinance 11-2.1 of the Township and fined $500.00 plus court costs. Defendant appealed the municipal court conviction on September 18, 1984. Counsel was assigned to represent defendant.
On November 5, 1984, the Township sought and was granted an order to show cause in the Chancery Division why defendant should not be compelled to remove the mobile home in question, returnable on November 30, 1984. On the return date of the order to show cause, defendant failed to appear, although he was personally served. Judgment was entered ordering the *380 removal of the mobile home and authorizing the Township to have it removed at defendant's expense if necessary.
Application was made on January 7, 1985 by defendant's appointed counsel for an order to show cause with temporary restraints. The Township was restrained from enforcing the judgment entered on November 30, 1984 and ordered to show cause why that judgment should not be vacated. The return date of this order to show cause was adjourned to allow defendant's substituted counsel the opportunity to file a motion to set aside defendant's municipal court conviction. The chancery action and municipal court appeal were consolidated sua sponte by the Court.
Defendant has moved to set aside his municipal court conviction on the ground that Fairfield Township Ordinance 11-2.1 is unconstitutional. Defendant also argues that the ordinance conflicts with N.J.S.A. 40:55D-104 et seq., The Affordable Housing Act of 1983, and is therefore null and void. Finally, defendant argues that he was denied a fair trial at the municipal court level because he was given insufficient notice to prepare a defense and he was not apprised of his right to be represented by counsel.
The Township ordinance which defendant was convicted of violating states:
11-2.1 Except in a duly licensed mobile home park, or as otherwise provided for in this chapter, it shall be unlawful for any person to park, keep, house, maintain or to dwell in or otherwise occupy any mobile home anywhere within the township. [Fairfield Township Zoning Ordinance 11-2.1.]
Mobile home is defined in Ordinance 11-1:
11-1(a) "Mobile Home" shall mean any unit, whether licensed or not, used for living, sleeping or business purposes by one or more persons, built on a chassis, designed without a permanent foundation, and shall include a dwelling, sleeping or business unit of vehicular design used or intended or constructed for use as a conveyance upon the public streets and highways whether licensed or not and shall further include self-propelled and nonself-propelled vehicles and other structure so designed, constructed and reconstructed or added to be means of accessories in such a manner as to permit the occupancy thereof as a dwelling, sleeping place, or for business purposes for one or more persons and having no foundation other than wheels, jacks, piers, or skirting so arranged as *381 to be integral with or portable by the mobile home and shall further include the type of dwelling known as trailer, or camp car. [Fairfield Township Zoning Ordinance 11-1(a).]
Defendant does not dispute that he did not obtain a zoning permit to place his mobile home on his parents' property, nor does he dispute that the property is not within a mobile home park. Thus, defendant is in clear violation of the ordinance. Defendant, however, contends that Ordinance 11-2.1 is, on its face, unconstitutional because it per se excludes mobile homes within the Township except in licensed mobile home parks. The Court agrees.
Municipalities have no power to zone except as delegated to them by the Legislature pursuant to Art. IV, § 6, ¶ 2 of the New Jersey Constitution. Taxpayers' Assn. of Weymouth Tp. v. Weymouth Tp., 80 N.J. 6, 20 (1976). The power to zone is delegated to municipalities by the Municipal Land Use Law. N.J.S.A. 40:55D-1 et seq.
It is undisputable, as the Township argues, that zoning ordinances are presumptively valid and can be overcome only by a clear showing that the ordinance is unreasonable or arbitrary. Lusardi v. Curtis Point Property Owners Ass'n, 86 N.J. 217 (1981); Weymouth Twp., 80 N.J. at 20. It is equally undisputable that zoning ordinances, like all other police power regulations, "must conform to the basic constitutional requirements of substantive due process and equal protection of the laws," which are inherent in Art. I, ¶ 1 of the New Jersey Constitution. Southern Burlington County NAACP v. Mount Laurel Tp., 67 N.J. 151, 174-75 (1975), appeal dismissed, 423 U.S. 808, 96 S.Ct. 18, 46 L.Ed.2d 28 (1975) (hereinafter referred to as Mount Laurel I). To pass constitutional muster, zoning ordinances must bear a real and substantial relationship to a permissible legislative purpose and not be unreasonable, arbitrary or capricious. Weymouth Twp., 80 N.J. at 20. Thus, a zoning ordinance is required to promote public health, safety, morals or the general welfare. Mount Laurel I, 67 N.J. at 175.
*382 In this instance, the Court finds that the ordinance fails to meet these constitutional requirements. The ordinance restricts all mobile homes to mobile home parks without taking into consideration such factors as size, appearance or safety. Such a per se exclusion has no reasonable basis under the police power and is therefore unconstitutional.
There appears to be no reported opinion in New Jersey on this specific issue. In Vickers v. Gloucester Tp., 37 N.J. 232 (1962), the New Jersey Supreme Court upheld a municipal ordinance prohibiting mobile home parks on the basis of aesthetic considerations. Vickers, however, was extremely limited by our Supreme Court in Southern Burlington NAACP v. Mount Laurel Tp., 92 N.J. 158 (1983) (hereinafter referred to as Mount Laurel II). The Court in Mount Laurel II stated:
[W]e do not hold that every municipality must allow the use of mobile homes as an affirmative device to meet its Mount Laurel obligation, or that any ordinance that totally excludes mobile homes is per se invalid.
........
Insofar as the arbitrariness of a total exclusion is concerned, such conclusion will depend upon the facts and circumstances of each case, regardless of the Mount Laurel doctrine.... But just as Vickers is hereby overruled to the extent that it held that any developing municipality may totally exclude mobile homes, we hold that such attempt at total exclusion will have to be justified by the same doctrines that would justify exclusion of apartment houses, townhouses or even single family residences. We recognize the propriety of aesthetic considerations in zoning, but the "subjective sensibilities" of present residents are not a sufficient basis for the exclusion. [Mount Laurel II, 92 N.J. at 276-77 emphasis in original].
It should be noted that this case is not a Mount Laurel case. There has been no issue raised concerning any failure on the part of Fairfield Township to provide its fair share of low and moderate income housing. See Mount Laurel I and Mount Laurel II, supra. The issue which is raised here is whether the restriction on mobile homes contained in the ordinance is impermissibly overbroad. This issue has been addressed by courts in other jurisdictions with varying results. See, e.g., Robinson Tp. v. Knoll, 410 Mich. 293, 302 N.W.2d 146 (1981) (township ordinance excluding mobile homes from all areas not designated *383 as mobile home parks unconstitutional); City of Brookside Village v. Comeau, 633 S.W.2d 790 (Tex. 1982), cert. denied, 459 U.S. 1087, 103 S.Ct. 570, 74 L.Ed.2d 932 (1982) (reversing lower court holding that ordinance restricting location of mobile homes is unconstitutional).
The facts in Robinson Tp., supra, mirror the facts presented here. A township ordinance restricted the placement of mobile homes to mobile home parks. Defendants had placed a mobile home on a parcel of land which was not a mobile home park. Defendants challenged the ordinance on constitutional grounds. The Michigan Supreme Court struck down the ordinance as unconstitutional. Robinson Tp., 410 Mich. at 308-09, 302 N.W.2d at 148-49.
The starting point of the Michigan court's analysis was the very question which is raised on this appeal:
[D]o mobile homes differ from other single-family dwellings in any constitutionally cognizant manner which would justify their per se classification as a different use?
Robinson Tp., 410 Mich. at 312, 302 N.W.2d at 150. The Court, in answering this question in the negative, noted that the mobile home of today is far different from the trailer of thirty years ago. The Court found that many of the mobile homes manufactured today "compare favorably with site-built housing in size, safety and attractiveness." Thus, the Court concluded that the assumption that all mobile homes cannot compete with site-built housing under the police power standards is no longer valid. Robinson Tp., 410 Mich. at 312-14, 302 N.W.2d at 150-51.
The courts in New Jersey have also begun to recognize the vast improvement which have been made in mobile homes. In Mount Laurel II, the Supreme Court cited with approval the trial court's finding that mobile homes have become, since 1962, better built structurally and more aesthetically pleasing. The Supreme Court also noted that the safety and structural soundness of mobile homes have been regulated since 1974 by the National Mobile Home Construction and Safety Standards Act, *384 42 U.S.C. § 5401 et seq., Mount Laurel II, 92 N.J. at 275. In Koester v. Hunterdon County Board of Taxation, 79 N.J. 381 (1981), the Supreme Court held that mobile homes which were intended to remain on site permanently were taxable as real property. The basis for this holding was the Court's recognition that today's mobile homes are far superior to those of the past. The Court stated:
The early house trailers, which originated a half century ago, have been described as makeshift contraptions "not really fit for permanent human habitation." * * * That they were then viewed as personal property can have little relevance when dealing with modern mobile homes.... These modern homes not only have all the facilities of conventional homes, including sewage, water, lighting, heating and air conditioning, but also are more and more being constructed to look like and be used as conventional homes. [Koester, 79 N.J. at 388 (citation omitted)].[1]
There has also been a growing awareness on the part of the New Jersey Legislature of the advances made in the manufacture of mobile homes. This fact is evident from the passage of The Affordable Housing Act of 1983, which has the avowed purpose of promoting the use of manufactured homes. N.J.S.A. 40:55D-100 et seq. In the Act, the Legislature makes the specific finding that:
d. The design, durability and appearance of manufactured housing has improved significantly over the last decade so that certain styles of manufactured homes are difficult, if not impossible, to distinquish from conventional homes.... [N.J.S.A. 40:55D-101(d)].
It is clear from these statements made by our courts and our Legislature that New Jersey recognizes that mobile homes can be an inexpensive but safe and even aesthetically acceptable alternative to site-built housing. This recognition leads to the conclusion that Fairfield Township Ordinance 11-2.1 must be declared unconstitutional on its face.
This holding, however, does not mean that the Township must allow all mobile homes, regardless of size, appearance, safety or quality of manufacture; nor is the Township precluded *385 from providing for mobile home parks. In Robinson Tp., the Michigan Supreme Court stated:
We hold only that a per se restriction is invalid; if a particular mobile home is excluded from areas other than mobile home parks, it must be because it fails to satisfy standards designed to assure that the home will compare favorably with other housing that would be allowed on that site and not merely because it is a mobile home.
Robinson Tp., 410 Mich. at 320, 302 N.W.2d at 154. This Court adopts this statement as the standard that constitutionally must be followed here.
Since the Court holds that the ordinance is unconstitutional, it need not address the other issues raised by defendant. Defendant's municipal court conviction for violating Fairfield Township Ordinance 11-2.1 is reversed.
Counsel for defendant shall submit an appropriate order.
NOTES
[1] Interestingly, the Court in Robinson Tp. cited this passage from Koester in support of its holding. Robinson Tp., 410 Mich. at 318, 302 N.W.2d at 153.