S89A0302. CANNON v. COWETA COUNTY et al.
(389 SE2d 329)

BELL, Justice.

This appeal involves questions of the constitutionality of a zoning ordinance that restricts the placement of manufactured homes to manufactured-home parks, and an additional question of the standing of the appellant, T. G. Cannon, to attack the constitutionality of the ordinance. The trial court held that Cannon did not have standing and that the ordinance is constitutional. We reverse both holdings.

On December 16, 1986, Coweta County adopted an amendment (the Amendment) of the Coweta County Zoning Ordinance, to delete manufactured homes as a permitted use in all residential zones. The effect of the Amendment was to restrict the placement of manufac-

---

tured homes to manufactured-home parks. After this amendment, Cannon, a manufactured-home dealer and developer with dealerships in Georgia and North Carolina, purchased a one-acre tract of land in a residential zone in Coweta County. Cannon subsequently applied to Coweta County for a permit to place a manufactured home on his property. The county denied Cannon's request, on the ground such a placement violated the Amendment.

Cannon subsequently brought this action, contending, inter alia, that the Amendment violated due process and equal protection. Following a bench trial, the trial court ruled that Cannon did not have standing to challenge the ordinance and that his constitutional challenges were without merit. Cannon now appeals. For the following reasons, we conclude that Cannon had standing to bring the instant suit and that the exclusion of manufactured homes from all residential districts is unconstitutional.

1. Cannon argues that the trial court erred in ruling that he did not have standing to challenge the constitutionality of the ordinance. We agree. First, we note that Cannon's purchase of his lot after the enactment of the Amendment does not defeat his standing. *City of Rome v. Pilgrim*, 246 Ga. 281, 283-284 (2) (271 SE2d 189) (1980). Moreover, we conclude that Cannon showed that the Amendment injures his property rights. *Payne v. Bradford*, 231 Ga. 487 (2) (202 SE2d 422) (1973).

2. Cannon contends that excluding manufactured homes from all residential districts is unconstitutional.

First, we must determine the proper standard to be used in determining the merits of Cannon's challenge to the Amendment. To begin, we note what Cannon is not arguing. He is not arguing that the ordinance, as applied to his particular piece of property, is significantly detrimental to him, is not justified by any public benefit, and thus violates the due-process and eminent-domain provisions of the 1983 Ga. Constitution, Art. I, Sec. I, Par. I, and Art. I, Sec. III, Par. I. See *Gradous v. Bd. of Commrs.*, 256 Ga. 469, 470 (349 SE2d 707) (1986). As Cannon is not making such as-applied arguments, he need not show that the ordinance works a significant detriment to him, *Gradous*, supra, 256 Ga. at 471, and the test set forth in *Gradous* is inapplicable to this case, id. See generally 1 Zeigler, Rathkopf's The Law of Zoning, § 6.03; *Hecht v. Township of Niles*, 434 NW2d 156 (Mich. App. 1988).

The argument that Cannon is making is that the ordinance, on its face, exceeds the police powers of the county, thus violating substantive due process. Such a challenge is governed by the following rules: An ordinance is a valid exercise of the county's police power if it is substantially related to the public health, safety, morals, or general welfare, *Village of Euclid v. Ambler Realty Co.*, 272 U. S. 365 (47

SC 114, 71 LE 303) (1926). Stated another way, an ordinance satisfies this substantive-due-process test if the ordinance serves some public purpose and if the means adopted by the ordinance are reasonably necessary for the accomplishment of the purpose, and are not unduly oppressive upon the persons regulated, *Lawton v. Steele*, 152 U. S. 133, 137 (14 SC 499, 38 LE 385) (1894); *Goldblatt v. Town of Hempstead*, 369 U. S. 590 (82 SC 987, 8 LE2d 130) (1962); 1 Ziegler, Rathkopf's The Law of Zoning and Planning, § 3.01 [1]; Stoebuck, Police Power, Takings, and Due Process, 37 Washington and Lee L. Rev. 1057, 1058 (1980).

Although the test set forth in *Gradous* is not applicable here, the rule in *Gradous* that zoning ordinances are presumed valid, and that the landowner has the burden to come forward with clear and convincing evidence that the ordinance is invalid, is applicable to all challenges to zoning ordinances. If the landowner meets this initial burden, then the governing body must come forward with evidence in justification of the zoning. *Gradous*, supra, 256 Ga at 471.

Although we are bound by the trial court's findings of fact unless clearly erroneous, we owe no deference to the trial court regarding the law. *City of Roswell v. Heavy Machines Co.*, 256 Ga. 472, 474 (349 SE2d 743) (1986); *Dougherty County v. Webb*, 256 Ga. 474, 477, fn. 3 (350 SE2d 457) (1986).

(a) Cannon presented evidence that numerous other residents of Coweta County could not afford site-built housing, but could afford to place a manufactured home on an individual lot. He also presented evidence that modern manufactured homes, including the one he desired to put on his lot, are as safe and attractive as site-built housing, do not devalue neighboring site-built residences, and should not, if valued properly, constitute a drain on the county's tax base.

(b) The county then presented evidence, seeking to justify the zoning on two grounds: first, that manufactured homes adversely impact the county's tax base; and second, that manufactured homes devalue nearby site-built homes.

3. The trial court found as facts that manufactured homes adversely affect the market value of nearby site-built homes. The trial court also recited as facts statistics presented by the county regarding the percentage of manufactured housing in the county as compared to all single-family dwellings, and the percentage of property taxes paid by owners of manufactured housing. In its findings of facts the court noted that the county voted

> to enact the Amendment because of: (a) concern over the adverse effect of the presence and continuing influx of manufactured homes on the tax base of Coweta County with a resulting negative effect on the ability of Coweta County to

provide services to the public; and, (b) the adverse effect of manufactured homes on the market value of nearby site-built homes.

The court concluded as a matter of law that Cannon had not shown that the ordinance bears an insubstantial relationship in the public health, safety, morality, and welfare, and that the ordinance's restriction of manufactured homes to manufactured-home parks was a valid exercise of the police power.

4. We begin our review by addressing the county's argument that Cannon did not carry his burden of showing that the ordinance bears an insubstantial relation to public health, safety and welfare. We find that Cannon did satisfy this burden.

Our review of the trial court's order shows that the court made no findings of fact regarding the evidence presented by Cannon on this issue. The court only made a conclusion of law that Cannon had failed to show an insubstantial relation to the public health, safety and welfare.

Our review of Cannon's evidence shows that he demonstrated a public need for manufactured housing in residential districts. Further, he presented evidence that the modern manufactured home is as safe and attractive as site-built housing; that manufactured homes do not devalue nearby site-built homes; and manufactured homes should not, if valued properly, adversely affect the county's tax base.

5. Having decided that Cannon did satisfy his burden, we must now consider the county's justification of the zoning.

(a) First, we find that the county's tax-base justification has no merit. The trial court made no finding of fact that manufactured housing would adversely impact the county's ability to provide services to its citizens. Moreover, the county presented only generalized statements of concern that manufactured housing would impact on its ability to provide services, and county officials acknowledged that at the time of the Amendment and at the time of trial the county was not having any difficulty providing services.

(b) We next consider the justification of the protection of the property values of site-built homes located near manufactured homes. In this regard, the trial court found as fact that manufactured homes did adversely affect the value of nearby site-built homes, and we cannot conclude that the court's finding is clearly erroneous. However, considering the improvement of modern manufactured homes; the fact that appropriate steps[1] can be taken to minimize the negative impact of the placement of manufactured homes near site-built

---

[1] Such steps could include regulations requiring attachment to a permanent foundation, appropriate lot size and location, and certain aesthetic standards.

homes; and the oppressive impact of the ordinance on individuals in need of manufactured housing, we conclude that the protection of property values cannot justify the ordinance's restriction of manufactured homes from all residential areas. See *Bourgeois v. Parish of St. Tammany, La.*, 628 FSupp. 159, 162 (E.D. La. 1986).

Having reviewed the Amendment in view of the facts of this case and the law, we conclude that it is arbitrary and unreasonable, and therefore unconstitutional.[2] However,

> [t]his is not to say that a municipality must permit all mobile homes, regardless of size, appearance, quality of manufacture or manner of installation on the site, to be placed wherever site-built single family homes have been built or are permitted to be built. Nor do we hold that a municipality may no longer provide for mobile home parks. We hold only that a per se restriction is invalid; if a particular mobile home is excluded from areas other than mobile home parks, it must be because it fails to satisfy standards designed to assure that the home will compare favorably with other housing that would be allowed on that site, and not merely because it is a mobile home. [*Robinson Township v. Knoll*, 302 NW2d 146, 154 (Mich. 1981).]

6. Based on our holdings in the foregoing divisions, we do not need to decide Cannon's remaining enumerations of error.

*Judgment reversed. All the Justices concur, except Weltner, J., who concurs in the judgment only and Clarke, C. J., Hunt and Fletcher, JJ., who dissent.*

HUNT, Justice, dissenting.

I agree with the majority that the plaintiff has standing to challenge the ordinance, just as would any property owner in Coweta County desiring to place a manufactured home on his property but prohibited from doing so by the ordinance. I disagree, however, with the majority's conclusion that the ordinance is unconstitutional. The majority correctly notes the ordinance the plaintiff challenges is a valid exercise of Coweta County's police power unless it is "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare." *Village of Euclid v. Am-*

---

[2] This holding is in accord with holdings in several other jurisdictions that have considered the constitutionality of restrictions like that of Coweta County. See *Robinson Township v. Knoll*, 302 NW2d 146 (Mich. 1981); *Borough of Malvern v. Jackson*, 529 A2d 96 (Pa. Cmwlth. 1987); *Bourgeois v. Parish of St. Tammany, La.*, supra, 628 FSupp. 159; *Luczynski v. Temple*, 497 A2d 211 (N.J. Super. 1985); *Geiger v. Zoning Hearing Bd.*, 507 A2d 361 (Pa. 1986).

*bler Realty*, 272 U. S. 365, 395 (47 SC 114, 71 LE 303) (1926). "[T]he power to classify in the adoption of police laws . . . admits of the exercise of a wide scope of discretion." *Lindsley v. National Carbonic Gas Co.*, 220 U. S. 61, 78 (31 SC 337, 55 LE 369) (1910). It is well established in this state that manufactured homes are properly subject to regulation under the police powers of local governments. *Hornstein v. Lovett*, 221 Ga. 279 (144 SE2d 378) (1965); *Nichols v. Pirkle*, 202 Ga. 372 (43 SE2d 306) (1947). The majority of courts faced with the question of the constitutionality of restricting manufactured homes to designated areas generally have upheld such ordinances. See generally Rathkoph, The Law of Planning and Zoning § 19.04; Annot., 17 ALR 4th 106, 111 § 3 (1982). Considerations such as encouragement of the most appropriate use of land and conservation of property values have been held to be proper justifications in restricting the location and use of manufactured homes for the protection of the general welfare.[3] See, e.g., *Duggins v. Town of Walnut Cove*, 306 SE2d 186 (N.C. 1983); *City of Brookside Village v. Comeau*, 633 SW2d 790 (Tex. 1982); *Warren v. Municipal Officers of Town of Gorham*, 431 A2d 624 (Me. 1981); *City of DeSoto v. Centurion Homes, Inc.*, 573 P2d 1081 (Kan. 1977).

Here, the county presented evidence, and the trial court found, that placement of manufactured homes next to site-built homes would adversely affect the property value of the site-built homes. While this finding might be debatable, it is not clearly erroneous and this court is not authorized to substitute its findings of fact for those of the trial court. Moreover, the majority proceeds to perform the trial court's fact-finding function relative to the issue of whether the ordinance bears an insubstantial relation to the public health, safety and welfare. The majority then concludes that Cannon met his burden of proof and that the county failed to adequately rebut that proof. I would hold the trial court's findings were adequate. If findings of fact are necessary, this court should not make its own findings

---

[3] The Coweta County ordinance does not exclude mobile homes entirely. Rather, the ordinance limits mobile homes to mobile home parks in the county, and does not preclude owners of mobile home parks from applying to enlarge an existing park or to build an entirely new park. Further, manufactured homes on lots containing or previously zoned for manufactured homes under the former ordinance are grandfathered. The owner of a manufactured home occupied lawfully under the previous ordinance may keep it, replace it with a new manufactured home on the same lot, or transfer it, together with its lot, to a new owner. Thus, the number of manufactured homes outside parks in Coweta County can remain the same as before the enactment of the ordinance, manufactured homes can be placed in existing parks, and owners of manufactured home parks may apply to enlarge their parks or to build new parks. Also, the record reflects that a number of mobile home parks currently in Coweta County are operating at less than full capacity and that there are existing grandfathered lots outside of parks on which manufactured homes can be placed. Under these circumstances, I cannot conclude that the county's action is unreasonable.

but, rather, should remand this case to the trial court for proper findings.

I am authorized to state that Chief Justice Clarke and Justice Fletcher join in this dissent.

DECIDED MARCH 13, 1990 —
RECONSIDERATION DENIED MARCH 29, 1990.

*Dillard, Westmoreland & Wilson, Dick Wilson, Jr., Shawn D. Stafford,* for appellant.
*Freeman & Hawkins, H. Lane Young, Robert U. Wright, A. Mitchell Powell, Jr.,* for appellees.