S90A0461. SLINEY v. THE STATE.
(391 SE2d 114)

HUNT, Justice.

This appeal presents a constitutional challenge to § 9.8 (d) of the Lowndes County Code which provides: "It shall be unlawful for any person to remove waste or litter from public containers or to place in such containers any material other than garbage." Earl Sliney was cited for removing refuse from a dumpster, in violation of the ordinance. We granted his application for interlocutory appeal following the trial court's denial of his motion to dismiss the accusation.

Sliney contends the statute violates due process,[1] on its face and as applied to him, under the void-for-vagueness doctrine. We disagree. A statute violates due process if it is so vague that persons of " 'common intelligence must necessarily guess at its meaning and differ as to its application.' [Cits.] Furthermore, '[a]ll the Due Process Clause requires is that the law give sufficient warning that men may conduct themselves so as to avoid that which is forbidden.' [Cit.]" *In re Suggs*, 249 Ga. 365 (1) (291 SE2d 233) (1982). The Lowndes

---

[1] We need not reach Sliney's equal protection argument which was abandoned at trial.

County statute provides adequate standards by which a person of common intelligence can regulate his conduct and responsibilities in order to conform with the statute. The dissent — finding the ordinance vague because of its reference to "waste," "litter," and "garbage," and because the defendant was cited for removing "refuse" — distinguishes among these terms. However, while the ordinance may be inartfully drafted, it is evident these terms are used synonymously, and the rules of statutory construction forbid a subtle or forced construction for the purposes of either limiting or extending the statute's operation, or reaching absurd results. *Earth Management, Inc. v. Heard County*, 248 Ga. 442, 444 (2) (283 SE2d 455) (1981).

Sliney, citing *Papachristou v. City of Jacksonville*, 405 U. S. 156 (92 SC 839, 31 LE2d 110) (1972), argues the statute's reference to "any person" proscribes actions by sanitary workers or by other persons who might legitimately retrieve items mistakenly discarded. In *Papachristou* the Supreme Court struck for vagueness a Jacksonville vagrancy ordinance which criminalized numerous activities including "wandering or strolling from place to place without any lawful purpose or object," "common night walk[ing]" and "common railers and brawlers." In holding the ordinance unconstitutional, the Supreme Court concluded it failed to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden, placed unfettered discretion in the hands of the police, and thus encouraged arbitrary and erratic arrests and convictions. See *Hubbard v. State*, 256 Ga. 637 (352 SE2d 383) (1987). In *Hubbard* we rejected an argument virtually identical to Sliney's and upheld, against a void-for-vagueness due process challenge, a statute criminalizing the maintenance of a disorderly house. Hubbard, like Sliney, argued the statute under which he was arrested might constitutionally prohibit legitimate activities. However, as we noted in that case, this argument overlooks the principle that one whose own conduct may be constitutionally proscribed may not challenge a law because it might conceivably be applied unconstitutionally to others. Id. at 638.

This ordinance,[2] whether wise or not, was enacted for what the county perceived to be health and safety purposes in the exercise of its police power. *Cannon v. Coweta County*, 260 Ga. 56 (389 SE2d 329) (1990). Its terms adopted to accomplish those purposes are not unduly oppressive and it is not unconstitutional for any of the reasons argued.

*Judgment affirmed. All the Justices concur, except Smith, P. J., and Benham, J., who dissent.*

---

[2] The state statute, OCGA § 16-7-43, on which the Lowndes County ordinance is based, prohibits dumping, but not removal, of litter.

Sᴍɪᴛʜ, Presiding Justice, dissenting.

I do not believe that the ordinance gives a "person of ordinary intelligence fair notice that his contemplated conduct is forbidden." *United States v. Harriss*, 347 U. S. 612, 617 (74 SC 808, 98 LE2d 989) (1954). Furthermore, the ordinance illegally places "unfettered discretion in the hands of the police." *Thornhill v. Alabama*, 310 U. S. 88 (60 SC 736, 84 LE 1093) (1940).

Subsection (d) of the ordinance states: "It shall be unlawful for any person to remove waste or litter from public containers or to place in such containers any material other than garbage." The ordinance forbids three acts. It forbids any person from: 1) removing "waste" from inside a public container; 2) removing "litter" from inside a public container; and 3) putting any material other than "garbage" into a public container. The express terms of the ordinance make it unlawful only to remove "waste" or "litter" that has been illegally placed inside the public containers. It is not unlawful to climb into a public container and remove garbage that has been placed inside nor is there any prohibition on removing "waste" or "litter" that has been placed outside of the public containers. It is difficult to see how this ordinance protects the "health and safety" (Majority opinion p. 168) of the citizens of Lowndes County.

If the purpose of the ordinance is to prevent the scattering of the contents of the container around the container by those who wish to look through the contents, that purpose has already been established by OCGA § 16-7-47 (c) which provides in pertinent part: "It shall be unlawful for any person to . . . indiscriminately scatter or disperse the contents of, or otherwise vandalize any containers. . . ."

The appellee asserts that guidance as to the meaning of the ordinance can be found in OCGA § 16-7-42 (1); however, the definitions in the statute must not have been considered in drafting the ordinance. The statute provides that litter "means [among other things] all . . . waste. . . ." OCGA § 16-7-42 (1). Lowndes County could not have used the statutory definitions in drafting its ordinance because if "litter" means all "waste" it is unnecessary and redundant to forbid the removal of "waste" or "litter" when "litter" is all "waste." If the statutory definitions had been incorporated, the ordinance would use the all inclusive term "litter," and the forbidden conduct would simply be the removal of "litter."

The lack of fair notice is further established by the citation given the appellant. Although the only forbidden activity is the removal of "waste" or "litter" from the inside of a public container, the appellant was issued a citation for removing "refuse." The word "refuse" cannot be found in subsection (d) of the ordinance. If the enforcing authorities cannot correctly contemplate and recite the forbidden conduct in issuing a citation, then it cannot be said that a person of ordinary

intelligence has fair notice under this ordinance of what conduct is forbidden. According to the appellant's brief, one item Mr. Sliney obtained was an American flag. I for one refuse to classify an American flag as "waste" or "litter" or "refuse."

I am authorized to state that Justice Benham joins in this dissent.

DECIDED MAY 17, 1990.

*William R. Folsom, Luke E. Closson, Jr.,* for appellant.
*Richard W. Shelton, Solicitor,* for appellee.