235 N.J. Super. 467 (1989)
563 A.2d 81
EASTERN PLANNED COMMUNITIES AT LINCROFT, INC.
v.
MIDDLETOWN TOWNSHIP.
Superior Court of New Jersey, Law Division Monmouth County.
Decided February 14, 1989.
*468 Gerald A. Marks, for plaintiff.
Bernard M. Reilly, for defendant.
PESKOE, J.S.C.
Plaintiff has moved for summary judgment seeking a court order that defendant release performance bonds in the total *469 amount of $915,281. Defendant opposes summary judgment on the ground that the improvements and obligations secured by the bonds have not fully been performed since plaintiff developer has failed to form a homeowner's association as required by the planning board resolution granting approval for this cluster development.
No published opinion in this state discusses or defines the kinds of improvements that may be subject to the bonding requirement. This court concludes that the municipality may not require a bond for the purpose of ensuring that the association be formed, that such attempt is ultra vires. The motion is granted.
The statutory authority by which a municipality may require a bond in connection with installation of improvements is N.J.S.A. 40:55D-53. The present requirement to bond was couched in terms that referred to the statute. No other provision of the Municipal Land Use Law provides for bonding in relation to such an improvement. By the terms of the statute, at paragraph a.(1), the furnishing of a performance guarantee is in relation to improvements "deemed necessary or appropriate including: streets, grading, pavement, gutters, curbs, sidewalks, street lighting, shade trees, surveyor's monuments ... water mains, culverts, storm sewers, sanitary sewers ... drainage structures, erosion control and sedimentation control devices, public improvements of open space and ... other on-site improvements and landscaping."
Paragraph d. of the statute provides that upon the obligor's notification in writing to the governing body that the "appurtenant utility improvements and the connection of same to the public system" are substantially complete, the municipal engineer shall inspect such improvements. The governing body then has 65 days to approve, partially approve or reject the improvements on the basis of the engineer's report. N.J.S.A. 40:55D-53e. I find that the notice was given and the engineer's *470 approval regarding such improvements was furnished to the governing body prior to March 1, 1988.
This court concludes that the statutory authority to require a bond is for the purpose of ensuring proper provision of improvements such as those listed in paragraph a. The inspection to be performed by the municipal engineer is limited to certain improvements only. The meaning of the word "improvements" according to Webster's Third New International Dictionary, as applicable, is "something that improves ... as (1) a permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs." The word is not among the terms defined within the statute itself. It is to be used in the context in accordance with its ordinary meaning. Serkin v. Ocean Tp., 201 N.J. Super. 392 (Law Div. 1985), aff'd. 201 N.J. Super. 409 (App.Div. 1985), cert. den. 101 N.J. 308 (1985).
The municipality derives its power through statutory delegation. Dome Realty Inc. v. Paterson, 83 N.J. 212, 225 (1980). The power to regulate land use is delegated and defined by the M.L.U.L. Luczynski v. Temple, 203 N.J. Super. 377, 381 (Ch.Div. 1985). in the absence of specific authority to require posting of performance guarantees for the purpose of ensuring the formation of a homeowners' association, the municipality lacks such power.
No source of such authority has been shown to this court. An opponent to the entry of summary judgment must show that there are specific facts that present an issue for trial or that movant is not entitled to judgment as a matter of law. R.4:46-5. None is shown here.
This court does not, by this ruling, address the propriety of requiring the formation of an association or the manner by which the municipality imposed the requirement. It is only the municipality's retention of the bonds for the purpose of enforcing *471 the requirement that is brought into question by this motion.