**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-1965

_____

JACQUELINE VEVERKA,
                    Appellant

v.

ROYAL CARIBBEAN CRUISES LTD

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:12-cv-03070)
District Judge: Esther Salas

_____

Submitted under Third Circuit LAR 34.1(a)
on April 5, 2016

Before: AMBRO, KRAUSE, *Circuit Judges*, and THOMPSON,* *District Judge*

(Opinion filed:  May 13, 2016)

_____

OPINION**

_____

---

* The Honorable Anne E. Thompson, Senior District Judge for the United States District Court for the District of New Jersey, sitting by designation.

** This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Jacqueline Veverka appeals a District Court order granting summary judgment in favor of Royal Caribbean Cruises on all five of her claims for an injury she sustained while onboard one of Royal Caribbean's cruise ships. For the reasons set forth below, we will affirm.

**I. Background**

Because we write primarily for the parties, we provide background only as relevant to the issues on appeal. On May 22, 2010, Veverka boarded a Royal Caribbean cruise ship for a trip to Bermuda. The following day, while en route to Bermuda, she slipped on a puddle of water on the ship's deck and broke her hip. She was admitted to the ship's infirmary until the ship docked the following morning, after which she was transferred to King Edward Hospital in Bermuda. That same day, at her own request and against the advice of her surgeon, she was flown to a hospital in New Jersey for hip replacement surgery.

Veverka's cruise was booked by her oldest daughter.[1] A Royal Caribbean employee named David Banciella testified in an affidavit that Royal Caribbean's tickets – Veverka's included – include a terms and conditions section, which limits the time for filing a personal injury lawsuit to one year:

> TIME LIMITS FOR PERSONAL INJURY/ILLNESS/DEATH CLAIMS:
> NO SUIT SHALL BE MAINTAINABLE AGAINST CARRIER, THE

_____

[1] Veverka testified that her daughter planned the cruise and purchased her ticket. Veverka then reimbursed her.

VESSEL OR THE TRANSPORT FOR PERSONAL INJURY, ILLNESS OR DEATH OF ANY PASSENGER UNLESS WRITTEN NOTICE OF THE CLAIM, WITH FULL PARTICULARS, SHALL BE DELIVERED TO CARRIER AT ITS PRINCIPAL OFFICE WITHIN SIX (6) MONTHS FROM THE DATE OF THE INJURY, ILLNESS OR DEATH AND SUIT IS COMMENCED (FILED) WITHIN ONE (1) YEAR FROM THE DATE OF SUCH INJURY, ILLNESS OR DEATH AND PROCESS SERVED WITHIN 120 DAYS AFTER FILING, NOTWITHSTANDING ANY PROVISION OF LAW OF ANY STATE OR COUNTRY TO THE CONTRARY.

App. 148. Biancella also testified that the first page of Royal Caribbean's tickets notify passengers to "READ ALL TERMS OF THIS CONTRACT, PAYING PARTICULAR ATTENTION TO SECTION 3 AND SECTIONS 9 THROUGH 11, WHICH LIMIT OUR LIABILITY AND YOUR RIGHT TO SUE." App. 148. Biancella's affidavit stated, "[p]rior to embarkation, each passenger is required to sign the portion of her Ticket Acknowledgment Card in the space provided. The passenger hands this document to the embarkation staff at the pier prior to boarding the vessel." App. 149. Biancella testified that Royal Caribbean sent Veverka her ticket, including the terms and conditions section cited above, prior to her cruise. In her deposition, Veverka testified that she does not recall if she ever received a cruise ticket and that her "oldest daughter planned everything." App. 201, 206.

On May 24, 2012, Veverka filed a civil action against Royal Caribbean in the United States District Court for the District of New Jersey, a full two years after her injury. She brought claims for negligence, breach of contract, tortious interference with contractual relations, breach of good faith and fair dealing, and violation of the New

3

Jersey Consumer Fraud Act (NJCFA). After discovery, Royal Caribbean filed a motion for summary judgment, which the District Court granted. The Court entered judgment on Veverka's negligence and breach of contract claims for untimeliness under the cruise ticket's statute of limitations clause. It entered judgment on the NJCFA and breach-of-good-faith claims for failure to demonstrate unlawful conduct and bad faith, respectively. Finally, it granted judgment on the tortious interference claim for failure to demonstrate that Royal Caribbean had knowledge of Veverka's insurance agreement with Medicare.

**II. Jurisdiction and Standard of Review**

The District Court had jurisdiction to hear this case under 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291.

We exercise *de novo* review over the District Court's grant of summary judgment, employing the same standard as the District Court. *DeHart v. Horn*, 390 F.3d 262, 267 (3d Cir. 2004). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(c)). "We review a district court's discovery order[] for abuse of discretion, and will not disturb such an order absent a showing of actual and substantial prejudice." *Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 281 (3d Cir. 2010).

4

**III. Discussion**

Veverka claims five errors on appeal: (1) the Biancella affidavit should have been excluded for failure to comply with the self-executing disclosure requirements of Federal Rule 26; (2) Royal Caribbean's statute of limitations defense should have been denied as waived; (3) the record contains disputes of material fact, which preclude summary judgment; (4) the District Court failed to give Veverka notice before *sua sponte* dismissing her breach of contract claim; and (5) the District Court misconstrued her NJCFA claim by failing to consider whether she was entitled to relief for being "forcibly disembarked" from the cruise ship. None of these arguments is meritorious. Accordingly, we will affirm.

**A. Affidavit of David Biancella**

Veverka first argues that the affidavit of David Biancella should have been excluded at summary judgment because Royal Caribbean failed to disclose Biancella in its self-executing disclosures. Federal Rule 26 requires litigants to disclose the names of individuals "likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26 disclosures are self-executing, meaning they must be exchanged as a matter of course "without awaiting a discovery request." Fed. R. Civ. P. 26(a)(1)(A). Additionally, Rule 26 requires supplementation of disclosures unless the information has "otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P.

26(e)(1)(A). A witness that was not disclosed under Rule 26 may be excluded "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The District Court held that Biancella "was clearly 'made known' to [Veverka] within the meaning of Rule 26" because Royal Caribbean had filed a nearly identical affidavit by Biancella in support of its motion to transfer venue almost two years before summary judgment. *Veverka*, 2015 WL 1270139, at \*3 (quoting Fed. R. Civ. P. 26). We perceive no abuse of discretion in this ruling and will affirm the District Court's decision. *Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 156 (3d Cir. 1995) (applying abuse-of-discretion review to district court's decision not to exclude testimony for failure to comply with Rule 26's self-executing disclosure requirement).

**B. Statute of Limitations Defense**

Veverka next argues that Royal Caribbean waived its limitations defense by failing to raise it in a Rule 12(b)(6) motion to dismiss and failing to plead it as a Rule 8(c) affirmative defense. Royal Caribbean responds by pointing out that Veverka raised this issue for the first time on appeal, so we should not consider it.

We have "consistently held that [we] will not consider issues that are raised for the first time on appeal." *Harris v. City of Phila.*, 35 F.3d 840, 845 (3d Cir. 1994). This rule is discretionary and "may be relaxed whenever the public interest or justice so warrants." *Tri-M Grp., LLC v. Sharp*, 638 F.3d 406, 416 (3d Cir. 2011) (deciding issue raised for first time on appeal that "calls into doubt the constitutionality of [a state's] regulatory scheme") (quoting *Franki Found. Co. v. Alger-Rau & Assoc., Inc.*, 513 F.2d 581, 586 (3d

6

Cir. 1975)). A review of the District Court record demonstrates that Veverka never raised the waiver issue she now presses on appeal. Furthermore, Veverka has not identified any public interest or explained why justice would warrant relaxing the rule in this case.[2] Accordingly, Veverka waived her waiver argument by failing to raise it below.

## C. Factual Disputes in the Record

Veverka contends that there are several factual disputes in the record that preclude summary judgment. As a preliminary matter, however, she objects to the statement of undisputed facts that Royal Caribbean filed in support of its motion on the ground that the statement did not comply with the District Court's Local Rule 56.1.

---

[2] It does not appear that Veverka's waiver argument would succeed in any event. She first argues that Royal Caribbean's limitations defense was waived under Federal Rule 12(h), which provides that a party waives a Rule 12 defense by "omitting it from a motion in the circumstances described in Rule 12(g)(2)." Fed. R. Civ. P. 12(h). Rule 12(g)(2) states, "a party that makes a motion [to dismiss] under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). By its own terms, Rule 12's waiver provision applies only to defenses raised under Rule 12. In contrast, Royal Caribbean raised its limitations defense in a Rule 56 motion for summary judgment. Therefore, Veverka's argument is misplaced.

Alternatively, Veverka argues that Royal Caribbean waived its defense by failing to plead it as an affirmative defense in its answer. Federal Rule 8(c) provides, "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including . . . statute of limitations." Fed. R. Civ. P. 8(c). A review of Royal Caribbean's answer reveals that its sixth affirmative defense "claim[ed] all rights, immunities, exonerations and limitations of liability provided in the terms and conditions of the cruise ticket." App. 60. Accordingly, Royal Caribbean did plead the limitations clause as an affirmative defense even if not with particularity.

Local Rule 56.1 provides:

> On motions for summary judgment, the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion. A motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed.

D.N.J. Civ. R. 56.1(a).

Veverka's compliance argument is puzzling because Royal Caribbean's statement sets forth the facts necessary to decide its summary judgment motion, complete with numbered paragraphs and citations to the record. But even if Royal Caribbean did not comply with Rule 56.1, the District Court's decision did not constitute reversible error. We have held that district courts have substantial discretion to depart from their local rules "where (1) [they] ha[ve] a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment." *United States v. Eleven Vehicles*, 200 F.3d 203, 215 (3d Cir. 2000). The District Court explained its rationale for excusing any technical error in Royal Caribbean's statement of fact, explaining that its statement sufficiently narrowed the record such that the "Court [was] able to adjudicate the motion without the need for a factual scavenger hunt." App. 9. Moreover, Veverka has not pointed to any unfair prejudice she suffered from the District Court's decision. Accordingly, we perceive no abuse of discretion.[3]

---

[3] Veverka also argues that Royal Caribbean never responded to her supplemental statement of fact and that, pursuant to Rule 56.1, her supplemental facts should have been deemed admitted. Rule 56.1 provides, in relevant part, "[T]he [nonmoving party] may

Veverka argues that the record contains two disputes of material fact: (1) whether she received a ticket from Royal Caribbean, which is relevant to whether Veverka is bound by the limitations clause of the ticket agreement, and (2) whether Royal Caribbean had knowledge of her insurance agreement with Medicare, which is relevant to her tortious interference claim. We will address both arguments.

We have previously held that a passenger is bound by a contractual limitations clause in a cruise ticket if the clause language is reasonably communicated to the passenger. *Marek v. Marpan Two, Inc.*, 817 F.2d 242, 245 (3d Cir. 1987). A passenger who has possession of a cruise ticket is charged with knowledge of the terms of the ticket, even if she has not read them. *Id.* at 247.

Here, Mr. Biancella testified that Royal Caribbean sent Veverka a ticket, which included the terms of the limitations clause. Veverka denies receiving a ticket and points to her deposition testimony in support. But her testimony reveals that she never denied receiving a ticket; rather, she testified that she did not remember receiving a ticket. Moreover, the Biancella affidavit states that passengers must sign the acknowledgement form portion of the cruise ticket before boarding, indicating that Veverka could not have

---

also furnish a supplemental statement of disputed material facts . . . if necessary to substantiate the factual basis for opposition. The movant shall respond to any such supplemental statement of disputed material facts as above, with its reply papers." But the District Court did "deem [Veverka's supplemental facts] undisputed for purposes of [the summary judgment] motion" in light of Royal Caribbean's failure to respond. *Veverka v. Royal Caribbean Cruises, Ltd.*, No. 12-cv-3070, 2015 WL 1270139, *1 n.1 (Mar. 18, 2015). Accordingly, the District Court followed the express language of Rule 56.1.

boarded without acknowledging receipt of her ticket. Veverka testified that her daughter handled all aspects of booking the cruise, but she admitted that she received some paperwork regarding the cruise before boarding. Moreover, even if Veverka's daughter had possession of her ticket at all times, Veverka is still charged with constructive notice of its terms. *Marek*, 817 F.2d at 247 (concluding that a "[friend's] possession of [a ticket] is sufficient to charge [litigant] with notice of its provisions"). Accordingly, there is no dispute of material fact concerning the application of the limitations clause, and we will affirm the District Court judgment that Veverka's negligence and breach of contract claims are untimely.

Veverka next argues that there is a dispute of fact as to her tortious interference claim, specifically whether Royal Caribbean had knowledge of her contract with Medicare. To prove tortious interference under New Jersey law,[4] a litigant must demonstrate: "(1) actual interference with a contract; (2) that the interference was inflicted intentionally by a defendant who is not a party to the contract; (3) that the interference was without justification; and (4) that the interference caused damage." *Dello Russo v. Nagel*, 817 A.2d 426, 434 (N.J. Super. Ct. App. Div. 2003); *see also Printing Mart-Morristown v. Sharp Elec. Corp.*, 563 A.2d 31, 37 (N.J. 1989) (discussing elements of claim for tortious interference in context of prospective economic relationship).

---

[4] Neither party on appeal disputes the District Court's reliance on the law of New Jersey as the proper choice of law for this claim.

Veverka's complaint is vague in the details of her tortious interference claim. Her summary judgment brief explains: "Plaintiff is required under the MMSEA Extension Act of 2007 (Medicare, Medicaid, and SCHIP) to reimburse Medicare for the medical expenses incurred. Defendant is tortuously [sic] interfering with Plaintiff's contractual relationship with Medicare by refusing to remit reimbursement of the medical treatment provided and paid for by Medicare." App. 179-180. The District Court granted summary judgment in Royal Caribbean's favor, finding that Veverka failed to point to any record evidence supporting the allegation that Royal Caribbean knew about a contract between Veverka and Medicare. 2015 WL 1270139, at *11.

Without proof of knowledge, there can be no intent to interfere with a contract. A review of Veverka's statement in opposition to summary judgment shows that she did not identify any record evidence supporting Royal Caribbean's knowledge of a contract. Instead, she cited to paragraph 18 of her amended complaint, which states, "Defendant failed to comply with an agreement for goods and services and failed to fulfill such agreement causing the Plaintiff economic and other forms of damages. Further, Defendant interfered with the Plaintiff's third party contract for medical services and care." App. 185. But at summary judgment, Veverka must "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1). A nonmoving party cannot create a genuine issue of fact by citing the pleadings. *Orsatti v. N. J. State Police*, 71 F.3d 480,

484 (3d Cir. 1995) ("[A] plaintiff cannot resist a properly supported motion for summary judgment merely by restating the allegations of his complaint, but must point to concrete evidence in the record that supports each and every essential element of his case."). Accordingly, we will affirm the District Court's grant of summary judgment on Veverka's tortious interference claim.

### D. Breach-of-Contract Claim

Veverka next argues that the District Court committed error by entering judgment *sua sponte* on her breach-of-contract claim without giving her notice that her claim was subject to dismissal. She further argues that she was prejudiced because breach of contract "involves highly fact-specific inquiries, and there is no indication that the factual record was fully developed." Appellant's Br. 25.

Contrary to Veverka's assertion, the District Court's decision was not *sua sponte*. Royal Caribbean's motion for summary judgment was unequivocal. It sought judgment on all counts of the amended complaint and thoroughly briefed the statute of limitations issue which formed the basis of the District Court's judgment on that claim. Veverka's own briefing contradicts her position because it addressed Royal Caribbean's statute of limitations argument as well as the merits of her breach of contract claim. Accordingly, the District Court's entry of judgment was not *sua sponte*.

Veverka's prejudice argument is equally meritless. The District Court record shows that discovery was concluded by the time Royal Caribbean moved for summary judgment. If Veverka believed that further discovery was necessary, she could have filed

an affidavit or declaration under Rule 56(d) requesting further discovery. Fed. R. Civ. P. 56(d) (allowing a court to defer consideration of a motion for summary judgment and order discovery if nonmovant is unable to present facts in opposition to summary judgment). Having failed to make such a request, Veverka cannot now claim prejudice on appeal.

### E. New Jersey Consumer Fraud Act Claim

The District Court construed Veverka's NJCFA claim to base liability on Royal Caribbean "failing to maintain a safe environment on the ship," "fail[ing] to provide reimbursement for cruise expenses," and "by providing [poor] medical treatment to [Veverka and] by failing to reimburse her for medical expenses." 2015 WL 1270139, at *8-9. Veverka now argues that the District Court erred because she seeks damages based on Royal Caribbean's conduct in "forcibly remov[ing her] (against her will) from the [ship], not because she voluntarily left the vessel." Appellant's Br. 21.

Veverka's position is not supported by the record. Veverka testified that she was "taken off [the ship] and put in an ambulance" to King Edward Hospital in Bermuda. App. 235. Upon receiving a diagnosis at King Edward, Veverka requested a Medivac to New Jersey, in part because Medicare did not cover treatment in Bermuda and in part because she "[did not] want to be operated on so far from home." App. 237. Veverka has pointed to no evidence supporting her assertion that Royal Caribbean forcibly removed her from the ship. Rather, her transfer to King Edward Hospital and her subsequent decision to fly back to New Jersey to undergo surgery were simply

consequences of her unfortunate injuries. Accordingly, we will affirm the District Court's entry of judgment on Veverka's NJCFA claim.

## IV. Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court.